CHOUQUETTE v. SOUTHERN ELECTRIC RAILROAD COMPANY, Appellant.

**Division One, November 14, 1899.**

152 257
d157 247
85a 607

|152 257
87a 565

|152 257
163 33
89a 311

152 257
91a 265

152 257
92a 1349
93a 1315

152 257
174 505
97a 1596

152 257
101a 4695
102a 3696

1. **Variance Between Pleadings and Proof:** WAIVER. If appellant at no time objected or excepted to evidence as not being responsive to the pleadings, and filed no affidavit of surprise, there has been a waiver of the point that there was a variance between the pleadings and proof.

2. **Street Railway:** RATE OF SPEED: ORDINANCE. Where the rate of speed at which a company may run its cars is limited in the ordinance granting it its franchise, it is chargeable with negligence at the suit of a private person against it for damages, if it runs its cars at a greater rate of speed. There is in such case contractual relations existing between the city and company as to speed of cars. (Distinguishing Sanders v. Southern Electric Ry. Co., 147 Mo. 411.)

3. **New Trials:** PREROGATIVE OF TRIAL COURT. It is the peculiar duty of trial courts to grant a new trial where the verdict is arbitrary or the result of passion, prejudice or misconduct on the part of the jury.

VOL. 152 mo—17

4. ———: INTERFERENCE BY APPELLATE COURT. Under such circumstances the appellate court will not interfere with the action of the the trial court in setting aside the verdict of a jury unless it satisfactorily appears that its discretion has been arbitrarily and unreasonably exercised.

5. ———: JUDGMENTS FOR ONE CENT. Where the evidence showed that plaintiff's skull was broken, that she was confined to a hospital three weeks and paid out $16.50 in necessary dues while there, that she had suffered greatly in consequence of her injuries, and was still suffering at the trial, and that she was seriously and permanently injured, a verdict of one cent under a petition charging her injuries to defendant's negligence, should be quickly set aside as a travesty of justice, due either to prejudice or mistake or misconduct.

6. Verdict for One Cent: CONSIDERED VERDICT FOR DEFENDANT. In a suit to recover for personal injuries, alleged to be chargeable to defendant's negligence, a verdict for one cent ought not to be considered a verdict for defendant if the evidence shows that plaintiff, if entitled to recover at all, is entitled to substantial damages.

*Appeal from St. Louis City Circuit Court.—*HON. HORATIO D. WOOD, Judge.

AFFIRMED.

LUBKE & MUENCH for appellant.

(1) The court erred in sustaining plaintiff's motion for a new trial. Although there was a finding of nominal damages for plaintiff, in reality this was a verdict for the defendant, and the trial court should have so treated it. (a) The petition did not set out a cause of action upon the ordinance regulating the rate of speed at which defendant might operate its cars. There was no averment that defendant or its predecessor ever agreed to perform this ordinance; and there was also no proof adduced showing this. Sanders v. Street Ry., 147 Mo. 411. (b) There was no proof of the allegation of the petition that "in the attempt of the passengers so to escape from said car the plaintiff was violently thrown upon the ground." The proof was clear and plain that plaintiff ran to the rear platform and jumped off the car. Kleiber v. Street

Chouquette v. Southern Electric R'y Co.

Ry., 107 Mo. 240. Under the statute this amounted to a "failure of proof." The allegation as made by her was essential. R. S. 1889, sec. 2238; Chitty v. Railroad, 148 Mo. 64. (c) The evidence adduced by the plaintiff herself agreed with that produced by the defendant, and showed that defendant exercised the highest degree of practicable care in the selection, repair, maintenance, use and observation of its wires. Where a carrier has done this, its duty is fully discharged. Gibson v. Street Ry., 76 Mo. 282; Dougherty v. Street Ry., 97 Mo. 647; Jackson v. Street Ry., 118 Mo. 200; Sullivan v. Street Ry., 133 Mo. 1; Jacquin v. Street Ry., 57 Mo. App. 333. (d) Where upon the pleadings and the case, as made by the proof, it is shown that the plaintiff is not entitled to recover, a verdict for a nominal sum should not be set aside at the instance of the plaintiff. The verdict will be treated in such a case as being for the defendant. Pritchard v. Hewitt, 91 Mo. 547; Overholt v. Veiths, 93 Mo. 422; Leahy v. Davis, 121 Mo. 227; Ray v. Jeffries, 5 S. W. Rep. 867; Simrall v. Martin, 12 S. W. Rep. 185; Hubbard v. City, 64 Iowa, 245; Lancaster v. Ins. Co., 92 Mo. 468; Brown v. Railroad, 51 Mo. App. 192; Dowd v. Westinghaus Air Brake Co., 132 Mo. 579; Weinberg v. Street Ry., 139 Mo. 286. (2) The rules of law applicable to the case attempted to be made by the plaintiff were laid down by this court in a previous decision as follows: First: The peril or alarm which caused her to run out and jump from the car must have been caused by the negligence of defendant. Second: The apprehension of peril from the standpoint of plaintiff must have been reasonable. Third: The appearance of danger must have been imminent leaving no time for deliberation. Kleiber v. Street Ry., 107 Mo. 240.

A. R. TAYLOR for respondent.

(1) It is contended by appellant that the verdict for plaintiff for nominal damages was in reality a verdict for the

defendant.   To test the soundness of this contention, we ask, could a court upon the verdict enter a judgment in favor of the defendant when the jury found the issues joined in favor of the plaintiff?   If every juror should be willing to walk into court and swear that he intended to find a verdict for the defendant, no court would hear him impeach his own verdict. (2)   Appellant's second contention that the petition stated no cause of action for the violation of ordinance as to speed, because it was not averred or proven that defendant accepted the ordinance.   This ordinance granted the defendant its franchise to operate its road, and in the ordinance itself limited the speed.   No court has ever held that a street railroad had to accept the law of its existence.   By the terms of its creation this company could only run at the prescribed rate. (3)   If, as he contends, this verdict is not rendered upon the cause of action set forth in the petition, but upon a good cause of action proven under the petition, then he didn't pursue the remedy pointed out by the statute, to wit:   Object to the evidence, when offered, that the plaintiff was hurt by jumping off the car, and not by being thrown off.   Then the trial court would then have allowed the petition to be amended to correspond with the evidence.   If surprised by the amendment, present an affidavit of surprise and claim a continuance.   This was the only way to raise the point.   R. S. 1889, sec. 2096. (4)   The rule that the appellate court will set aside a verdict for inadequacy or for excess is recognized in the case of Boggers v. Railroad, 118 Mo. 339.

ROBINSON, J.—This action was instituted in the St. Louis circuit court to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant, a corporation organized under the laws of Missouri, engaged in operating an electric street railroad in the city of St. Louis.   The specific negligence of defendant by which the injury in question is alleged to have

been caused is stated in the petition to have consisted, first, in that the wire used by defendant to communicate the electric current to the wheels of the car for the propulsion of the car was defective, old, patched and of inferior wire, small in size and was inadequate for the service, and defective in tensile strength and had frequently broken before, and that defendant negligently refrained from providing sufficient wire of proper tensile strength, etc.; second, that the car was, at the time of plaintiff's injuries, being negligently run, at the place of the accident, at a reckless rate of speed in violation of the ordinances of the city of St. Louis conferring upon defendant its franchise whereby the defendant was limited to a speed, at which it was authorized to run at the place where the accident occurred, of fifteen miles an hour.

The petition then charges, in substance, that on May 30, 1896, plaintiff was received as a passenger on defendant's car; that, while proceeding on her way as such passenger, at a point in said city near Bates street the wire so used by defendant to convey the electric current to the wheels of the car broke, and fell upon the car in which the plaintiff was riding, thereby communicating an electric shock to the passengers, including the plaintiff, surrounding the car with a sheet of fire and filling the air with hissing and strange noises; that the passengers became greatly frightened at said fire and noises, and crowded and pushed each other to get out of the car and thus escape the danger which encompassed them; that in the attempt of the passengers to so escape from the car the plaintiff was violently thrown upon the ground, thereby injuring, wounding and bruising plaintiff; that she sustained a severe shock to her body from the electric current which came through the car, and by her fall received contusions on her arms and body, and a compound fracture of her skull, concussion of the brain, and an injury to her spinal column; that by reason of said injuries she has suffered, and still suffers, great mental anguish and physical pain; that she has been compelled to expend a

large sum of money for medical attention, etc.; that she has been permanently disabled and rendered incapable of following her vocation, to wit, that of housekeeper, and was confined to a hospital for a period of one month.

The defendant answered by general denial, coupled with a plea of contributory negligence, in that plaintiff imprudently and without cause jumped off the car.

The cause was put at issue by replication containing a general denial of the new matter set forth in defendant's answer.

A trial was had before a jury, and a verdict rendered in favor of plaintiff in the sum of one cent, and judgment was rendered accordingly.

Thereupon plaintiff filed a motion for a new trial, assigning among other causes as grounds therefor:

First.    The verdict was against the evidence.

Second.    The verdict was against the law and the evidence.

Third.    The verdict for nominal damages was the result of passion, prejudice and mistake, or total disregard by the jury of their duty.

The circuit court sustained plaintiff's motion for a new trial on the ground that the finding was such as to indicate that the jurors were influenced by prejudice, mistake or misunderstanding of their duties, and wholly disregarded the instructions of the court as to the measure of damages.    The action of the court in sustaining plaintiff's motion for a new trial was duly excepted to by defendant.

In due time the defendant perfected its appeal from the order of the circuit court setting aside the verdict and judgment and granting plaintiff a new trial.

The errors discussed by defendant's counsel in their brief are:

First.    The variance between the pleadings and the proof.

Second.   The sufficiency of the petition.

Third.   The action of the circuit court in sustaining plaintiff's motion for a new trial.

Fourth.   That the verdict for plaintiff for nominal damages only was a verdict for defendant, and should be treated as such.

The first of these assignments of error is not available to defendant for the reason that no question touching the same was properly presented for the determination of this court. An examination of the record discloses that no exception was saved by defendant to the action of the circuit court in respect to this alleged error so as to be available here.   If, as contended by defendant, the verdict was not rendered upon the averment of the petition that the plaintiff was thrown off the car, but was injured by jumping off the car, objection should have been made to the evidence when offered.   The trial court could then have allowed an amendment to the petition, and thus conformed the pleadings to the facts proven; and if surprised by the amendment, defendant could have presented an affidavit of surprise and claimed a continuance in consequence thereof.   Nothing of the kind, however, was done. No point seems to have been made in the court below that the plaintiff's injuries were sustained by jumping off the car instead of being thrown off.   Neither was the court asked to exclude from the consideration of the jury the evidence touching the particular manner in which the plaintiff sustained the injuries complained of, but the evidence in this regard was admitted without any objection whatever, defendant maintaining throughout the trial absolute silence on this point.

By section 2096, R. S. 1889, it is provided: "No variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits; when it shall be alleged that a party has been so misled, that fact shall be proved to the satisfac-

tion of the court, by affidavit showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just." In construing this provision of the practice act this court has uniformly held that in circumstances like the present the point in question is waived by a failure of defendant to object and except to it during the trial. [Mueller v. Kaessmann, 84 Mo. 318; Crispen v. Hannovan, 86 Mo. 160; Weil v. Simmons, 66 Mo. 617; Cruchon, Adm'x v. Brown, 57 Mo. 38.]

In Mellor v. Railroad, 105 Mo. loc. cit. 471, THOMAS, J., speaking for the Court in Banc, in construing this statute, said: "A defect of this character is remediable by amendment at the trial; . . . . and, if the objection had been made, plaintiff could have obtained leave to amend his petition so as to cover the element of damage and thus conform to the facts proven. The defendant, however, chose to remain silent as to this point during the trial . . . . It filed no affidavit of surprise either before or after verdict. Indeed, this record clearly shows that the defendant did not regard the defect in the petition under review as prejudicial to its defense, or as affecting its substantial rights. Defeat under such circumstances must be borne. Litigants must learn to be diligent. Objections must be timely and specific. Any other course would be unjust to the trial courts." This opinion was the result of an exhaustive review of our practice act bearing on the questions involved in this assignment of error, and we see no reason to depart from the conclusions therein reached. In our opinion the objection urged, that there is a variance between the proof and the allegations of the petition, is not now well taken. The judgment of the trial court can not, therefore, be disturbed for that reason.

In questioning the sufficiency of the complaint, defendant's learned counsel do not insist that the petition failed to state any cause of action whatever, but claim that the petition stated no cause of action so far as the violation of the ordi-

nances of the city of St. Louis with regard to speed is concerned, because it is not alleged or proven that defendant accepted the ordinance, consequently the violation of that ordinance was a matter in respect to which the city alone could complain. This contention is not supported by Sanders v. Southern Electric Ry. Co., 147 Mo. 411, cited by counsel for defendant. In that case it was ruled that in order to bind a railroad company by a general ordinance in respect to the rate of speed at which its cars might be run, it must not only be alleged but proved that the company agreed to be bound by it.

It is averred in the petition that by the terms of the ordinance granting defendant company its franchise to use the streets of the city, the speed of its cars is limited by the ordinance itself to fifteen miles an hour, so that by the express terms of the grant of authority, contractual relations not existing at common law, were entered into. It would be illogical to hold that a street railroad company which had obtained its franchise and right to use the streets of a city under an ordinance limiting the speed of its cars should require any further assent thereto than is implied and shown by the operation of its road upon the streets of the city in pursuance of the ordinance granting the franchise. The case at bar is, therefore, distinguishable from Sanders v. Southern Electric Ry. Co., *supra.* It will be seen by the provisions of the ordinance of the city of St. Louis under which the railroad company acquired its franchise, defendant's cars could only be run at the prescribed rate of speed. Manifestly then the operation of its road under the ordinance in question was a sufficient acceptance thereof and bound defendants to an observance of its provisions with respect to the rate of speed. These views find support in Fath v. Street Ry., 105 Mo. 537; and Senn v. Southern Ry. Co., 108 Mo. 142. It is plain then that the petition states a cause of action so far as the ordinance in relation to speed is concerned. This point will, therefore, be ruled against the defendant.

The remaining alleged error discussed, is the action of the circuit court in setting aside the verdict and granting the plaintiff a new trial, with costs to abide the event. It is also argued that the verdict upon the whole case should be treated as a verdict for the defendant, and, moreover, that there is nothing in the record to support the reason given by the trial court in passing upon the motion for a new trial that the verdict was the result of prejudice, passion, or misconduct of the jury.

It is the peculiar and special duty of trial courts to grant new trials where the verdict is arbitrary, or manifestly and clearly wrong, or where it appears that the verdict was the result of passion, prejudice or through misconduct on the part of the jury. [Burdict v. Railroad, 123 Mo. 221; Reid v. Ins. Co., 58 Mo. 421; Price v. Evans, 49 Mo. 396; Lockwood v. Ins. Co., 47 Mo. 50; Woolfolk v. Tate, 25 Mo. 597.]

We believe it would serve no useful purpose to quote largely the evidence, which is voluminous. We deem it sufficient to say that the plaintiff's injuries were serious. Indeed, a careful examination of the evidence tends to show that they will be permanent. Her skull was broken, she was confined to the hospital for three weeks or upwards, paid out in the necessary hospital dues while under treatment $16.50. Briefly stated she has suffered greatly in consequence of the injuries received by the accident in question, and was still suffering at the time of the trial, consequently the plaintiff was clearly entitled to substantial damages, if her injuries were occasioned by the defendant's negligence. The jury having found by their verdict that plaintiff's injuries were occasioned by the negligence of the defendant, it clearly devolved upon them, under the instructions of the court, to award her reasonable compensation therefor. Yet in utter disregard of the court's instructions and the evidence touching the nature, character and extent of plaintiff's injuries, the jury assessed her damages

at one cent, after finding that she was entitled to damages on account of defendant's negligence.    If this is not a case where the trial court, under its general powers, ought to have set aside, as it quickly did, this extraordinary travesty of justice, it would be difficult to conceive one.    The trial court is generally better able to determine whether the jury performed their duty fairly and impartially than we are, and it is that court's special prerogative, and having found that the verdict was the result of prejudice or mistake, and in disregard of the court's instructions as to the measure of damages, we are not, in view of the record, authorized to interfere.    It is too clear for a serious argument that the plaintiff, under the evidence, was entitled to substantial damages, if she was entitled to a verdict at all.

This precise question underwent adjudication in this court in Lee v. Publishers Geo. Knapp & Co., 137 Mo. 385, and it was there held, in circumstances like the present, that this court will not interfere with the discretion of the trial court in setting aside the verdict of a jury unless it satisfactorily appears that such discretion has been arbitrarily and unreasonably exercised.

Under the last assignment of error the further objection is made that defendant is entitled to have the verdict as rendered treated as a finding in its favor; there is no merit in this contention.    Most of the cases cited by defendant's counsel are plainly distinguishable from the one before us.    Ray v. Jeffries, 5 S. W. Rep. (Ky.) 867; Simrall v. Morton, 12 S. W. Rep. (Ky.) 185; Hubbard v. Mason City, 64 Ia. 245; and Lancaster v. Ins. Co., 92 Mo. 460, were all cases where, under the pleadings and evidence, the plaintiffs were not entitled to any verdict whatever.    But, as we have seen, the plaintiff is entitled to substantial damages, consequently the rule invoked by counsel for defendant is without application here.

The judgment of the circuit court granting a new trial will, therefore, be affirmed.    All concur.