IDA HILL *vs.* UNION RAILWAY COMPANY.

PROVIDENCE—JANUARY 27, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1)   *Inadequacy of Damages.   New Trial.*

While the damages in a case of personal injury are incapable of exact measurement by any commercial standard or rule, and must be left to

the fair and unbiased judgment of the jury, which the court will hesitate to review, yet where it appears that the jury either wholly misconceived their duty or willfully disregarded the same, a new trial, on the ground of inadequacy of damages, will be granted.

(2) *New Trial.    Verdict Against Evidence.*

On the petition of a party plaintiff for a new trial, on the ground of inadequacy of damages, the question of the verdict being against the evidence is not before the court.

TRESPASS ON THE CASE for negligence.    Heard on petition of plaintiff for new trial, and granted.

TILLINGHAST, J.    The jury having found the defendant guilty of negligence as alleged in the plaintiff's declaration, it was their plain duty to assess damages in her favor in such an amount as would fairly compensate her for the injuries sustained, together with the necessary expenses incurred in connection therewith.    That is, they were bound to make the plaintiff whole, in so far as money damages could do so. This they failed to do.    A reasonable compensation for the medical attendance which the plaintiff received would alone clearly amount to as much as the entire sum awarded her, namely, $200.

Her loss of income from her regular employment, according to the uncontradicted testimony offered, is also of itself much more than the sum awarded her by the jury.    So that, even disregarding the physical injury sustained, and the suffering and disability resulting therefrom, the damages were manifestly insufficient to compensate the plaintiff in the premises.

(1)    We are aware that there is no fixed standard by which the damages can be determined in a case of this sort, and that courts do not grant new trials on the ground of inadequacy of damages unless the verdict of the jury in this regard is clearly wrong.    *Hackett* v. *Shaw*, 24 R. I. 29.    Pain and suffering and physical disability are incapable of exact measurement by any commercial standard or rule; and hence all that can be asked or expected is that, in fixing the damages in such a case, the jury will exercise their fair and unbiased

judgment. But their plain duty is to award such an amount as will compensate the plaintiff for the injuries sustained. What sum will accomplish this object in a given case depends wholly upon the evidence; and unless it is very clear therefrom that the jury have been influenced or controlled by other considerations, or have acted under the influence of a perverted judgment in fixing the damages, the court will not review their finding. *McGowan* v. *Railway Co.*, 20 R. I. 264.

But where, as in the case at bar, it is clear, for the reasons above given, that the jury either wholly misconceived their duty or else wilfully disregarded the same by paying no attention to the evidence offered on the question of damages, their verdict cannot be allowed to stand.

It is urged on the part of the defendant that the verdict rendered was evidently a compromise verdict—that is, that some of the jurors were in favor of finding for the defendant while others were in favor of finding for the plaintiff—and that, in view of this fact, they compromised by agreeing on the small amount of damages aforesaid. Whether this were so or not, of course we can have no knowledge. But, even assuming that it was, it does not have the effect of rendering their finding conclusive. For, as said by this court in *Gartner* v. *Saxon*, 19 R. I. 461: "A jury have no right to express their disapproval of a plaintiff's claim in this way, or to compromise upon a sum which no legitimate view of the evidence will warrant."

(2) Counsel upon both sides in their briefs have argued the question as to whether the general verdict is against the evidence. That question is not before us. The jury have found that the defendant was guilty of negligence as alleged in the declaration. And, as the defendant has not petitioned for a new trial, and as the plaintiff's petition for a new trial is not based upon the ground that the verdict in that regard was against the evidence (and of course she could not base it upon that ground, as it is already decided in her favor), the only question before us is whether the damages awarded by the jury are clearly inadequate to compensate her for the loss and injury sustained.

Whether the plaintiff was entitled to recover at all, we are not called upon, nor is it now within our province, to determine. That question, in so far as it has to do with the present status of the case, is finally settled by the verdict of the jury.

We must therefore disregard the claim, made by defendant's counsel, that the general verdict is against the evidence, and also his suggestion that the court should set aside the verdict and order judgment for the defendant, *non obstante*.

We grant the plaintiff's petition for a new trial, on the ground that the damages awarded were clearly inadequate.

Petition granted.

*Alfred S. Johnson and John P. Beagan,* for plaintiff.

*Henry W. Hayes, Frank T. Easton and Lefferts S. Hoffman,* for defendant.