[No. 9250.   Department One.   February 2, 1911.]

CARL ABOLTIN, *Respondent*, v. M. J. HENEY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—INADEQUATE VERDICT—NEW TRIAL. A verdict for $1,500 damages for the loss of a hand by a carpenter thirty-three years of age, in good health, earning forty to sixty cents an hour, and who was able to earn only fifty dollars in the eighteen months following, is so manifestly inadequate as to authorize the trial court to set it aside as given under the influence of passion or prejudice, under Rem. & Bal. Code, § 399, which places inadequate and excessive verdicts on the same footing.

Appeal from an order of the superior court for King county, Chapman, J., entered June 21, 1910, granting plaintiff a new trial for inadequacy of damages, after the verdict of a jury rendered in favor of the plaintiff for personal injuries. Affirmed.

*John P. Hartman*, for appellant.

*Edwin H. Flick*, for respondent.

GOSE, J.—The plaintiff, a carpenter by trade, thirty-three years of age and in good health, had his right hand crushed on July 31, 1908, so that it was necessary to amputate it on that date at a point about one inch above the wrist. At the time he received the injury, he was in the employ of the defendant and engaged in the work of driving piles. The trial of the case began on the 8th day of February, 1910, eighteen months after the injury was sustained. Between the date of the injury and the trial of the case, he had earned about $50.

[1]Reported in 113 Pac. 245.

His largest earnings after he lost his hand were at the rate of six cents an hour and board. He has found it impossible to procure employment, except at rare intervals and for short periods of time. Before he received the injury, he earned from forty to sixty cents an hour at his trade, and paid six dollars a week for board. No evidence was offered as to his life expectancy. The jury gave him a verdict for $1,500. A new trial was granted upon the plaintiff's motion. One ground for his motion is "inadequate damages, given under the influence of passion or prejudice." The defendant has appealed from the order granting a new trial. The trial judge filed a memorandum opinion, in which he expressed the view that, if passion or prejudice may be presumed when the jury award excessive damages, it may equally be presumed when they award inadequate damages. Laws 1909, pages 53-4, § 1 (Rem. & Bal. Code, § 399), provides that a new trial may be granted on the motion of the aggrieved party, for "excessive or inadequate damages appearing to have been given under the influence of passion or prejudice," and materially affecting the rights of the moving party.

The appellant contends that the court is powerless to grant a new trial in an action of this kind for the recovery of unliquidated damages, "unless the amount is so unreasonable and excessive or inadequate as to be indicative of passion, prejudice, partiality, or corruption of the jury." This is merely a statement of the provisions of the statute, in a somewhat different phraseology. It will not be denied that the purpose of the action is to recover compensation for the loss the respondent has suffered as a result of the injury. We are aware that there is no fixed standard by which the damages can be determined in a case of this character. Despite the fact that the respondent's damages could not be measured with exactness, it was the duty of the jury to compensate him for his loss. The verdict established the appellant's liability.

The court instructed that, if the jury found for the respondent, they should consider his age, occupation, the nature

and extent of the injury, his earning capacity, the extent of its impairment, his pain and suffering, and his mental anguish arising from his disfigurement, in fixing the amount of compensation. It is argued that, there being no exact admeasurement of damages in such cases, the verdict of the jury should be final and conclusive where the amount awarded is substantial, and that the granting of a new trial was an abuse of discretion. We cannot acquiesce in this view. It is true that, in the first instance, the jury is the tribunal that must determine the quantum of liability. But it is equally true that the statute contemplates that cases may arise where the jury failed to give the case the calm deliberation that the law exacts, and the burden is therefore put upon the trial judge of determining whether that standard of duty has found expression in the verdict. The trial judge is clothed with broad discretion in determining whether the recovery is so large or so small in a given case that passion and prejudice may be presumed. Where liability has been established, the damages should be compensatory. In the case at bar, the damages awarded are but little more than the respondent could have earned between the date of the injury and the trial. It is difficult to account for the verdict on any theory other than that of passion and prejudice. That the award is not commensurate with the loss the respondent has suffered is so obvious that it would seem that reasonable minds could hardly differ on that question. Both the granting and the refusal to grant a new trial are matters within the sound discretion of the court, and the judgment of this court will not be disturbed except in cases where such discretion has been abused. *Winningham v. Philbrick*, 56 Wash. 38, 105 Pac. 144.

The trial court has the same discretion to set aside a verdict for inadequate damages as it has to set it aside for excessive damages. The one verdict stands upon no higher plane in law than the other. *McDonald v. Walter*, 40 N. Y. 551; *Benton v. Collins*, 125 N. C. 83, 34 S. E. 242, 47 L. R. A. 33; *Chouquette v. Southern Elec. R. Co.*, 152 Mo. 257, 53

S. W. 897; *Lefrois v. Monroe County*, 34 N. Y. Supp. 612; *Tathwell v. City of Cedar Rapids*, 122 Iowa 50, 97 N. W. 96.

In the *Collins* case, it was said that: "The power to correct prejudiced and grossly unfair verdicts must be vested somewhere, and, in our judgment, it is best that such power be confided to the judges who preside over the trials." In the *Chouquette* case, there was a verdict for the plaintiff and a new trial granted upon his motion. It was held that it is the peculiar and special duty of trial courts to grant new trials when the verdict is arbitrary or manifestly wrong, or where it appears that the jury were swayed by passion and prejudice.

In *Alton v. Chicago M. & St. P. R. Co.*, 107 Minn. 457, 120 N. W. 749, the jury gave the plaintiff a verdict for $3,450, for personal injuries sustained while in the discharge of his duties as a brakeman. His injuries were so serious that it was necessary to amputate his left leg. He also sustained such injuries to his right leg as to leave it weakened and not strong enough to support him. There were other minor injuries. The order granting a new trial was affirmed. In *Mariani v. Dougherty*, 46 Cal. 26, the plaintiff's intestate was killed by a rock thrown by a blast which the defendant caused to be exploded. The plaintiff recovered a verdict for $200, and a new trial was granted upon his motion. In affirming the order, the court said: "A new trial may be granted where the damages are too small as well as where they are too large."

*Kilmer v. Parrish*, 144 Ill. App. 270, announces the doctrine that "the modern rule is that a new trial may be granted where the verdict is grossly inadequate, for the same reasons as those governing where the verdict is excessive. . . . A verdict for a grossly inadequate amount stands on no higher ground on legal principles than a verdict for an excessive or extravagant amount." In that case there was a verdict for the plaintiff for one dollar, for personal injuries inflicted upon her through the defendant's negligence. There

was also a slight injury to plaintiff's carriage, and she incurred a small expense for medical assistance. The trial court denied her a new trial and the judgment was reversed.

*Anglin v. Columbus,* 128 Ga. 469, 57 S. E. 780, was reversed because of the abuse of discretion of the trial court in denying the plaintiff a new trial when she had sustained a serious injury and the jury had awarded her $100. In *Hill v. Union R. Co.,* 25 R. I. 565, 57 Atl. 374, the judgment was reversed and a new trial ordered. In that case the jury gave the plaintiff a verdict for $200 for personal injuries. The court said that a new trial would not be granted in such cases unless, "it is very clear that the jury have been influenced or controlled by other considerations, or have acted under the influence of a perverted judgment in fixing damages." In *Caldwell v. Vicksburg S. & P. R. Co.,* 41 La. Ann. 624, 6 South. 217, a verdict for the defendant for $1,000 where the injuries were much less serious than in the case at bar, was increased on appeal to $2,000.

The appellant has cited a great many cases, but in practically all of them a new trial was denied by the trial court. As we have said, a broad discretion is vested in the trial court to grant or refuse a new trial. Appellate courts are always reluctant to interfere where that discretion has been exercised, and will never do so unless it seems clear that the discretion has been abused.

We think that there was no abuse of discretion, and the judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.