[No. 11729.   Department Two.   July 22, 1914.]

JACOB BERNARD, *Respondent*, v. THE CITY OF NORTH
YAKIMA, *Appellant*.[1]

APPEAL—REVIEW—DISCRETION—NEW TRIAL.   Under Rem. & Bal.
Code, § 399, authorizing a new trial when the damages are "excessive
or inadequate," the grant of a new trial because of inadequate dam-
ages will not be reviewed except for abuse of discretion.

NEW TRIAL—GROUNDS—INADEQUATE DAMAGES — DISCRETION.   It is
not an abuse of discretion to grant a new trial on account of inade-
quate damages, in an action for the death of a minor child, where
the jury awarded plaintiff but fifteen dollars, the amount paid out
for burial expenses, and there was evidence of pecuniary loss.

NEW TRIAL—CONDITIONS—INCREASING AMOUNT.   The grant of a
new trial on account of inadequate damages may be made condi-
tioned on the appellant's refusal to consent to a judgment in a larger
sum.

Appeal from an order of the superior court for Yakima
county, Grady, J., entered September 16, 1913, vacating a
verdict for the plaintiff, in an action for wrongful death.
Affirmed.

*Guy O. Shumate* and *Robert N. Denham, Jr.*, for appel-
lant.

*McAulay & Meigs*, for respondent.

MORRIS, J.—In this action, the respondent sought to re-
cover damages alleged to have been sustained in the wrong-
ful death of his minor female child, of the age of seven years.
The case was tried before a jury, and a verdict returned in
favor of respondent in the sum of fifteen dollars, which was
the amount alleged in the complaint to have been paid out
for burial expenses.   Respondent filed a motion for a new
trial, which was granted by the court in the following order:

"It is now hereby ordered, that the verdict heretofore ren-
dered and returned by the jury impaneled in said cause and

[1]Reported in 141 Pac. 1034.

before whom said cause was tried, shall be and hereby is, vacated and set aside, and a new trial of said cause granted, unless the defendant, city of North Yakima, shall within twenty days from the date hereof, file in this court its consent in writing that judgment shall be entered against it in the above entitled cause in favor of the plaintiff for the sum of $700 and costs of said action."

From this order, the defendant has appealed.

Our statute, Rem. & Bal. Code, § 399 (P. C. 81 § 729), provides for the granting of a new trial when the damages awarded are "excessive or inadequate, appearing to have been given under the influence of passion and prejudice." Under our practice, the jury, in the first instance, is to determine the amount of damages to be awarded in case of a recovery. But it is equally true that, when, in the judgment of the trial court, the jury has failed in its whole duty in this regard and has returned a verdict in an excessive or inadequate amount, it is the duty of the trial court to correct such verdict. In the performance of such duty, the trial court exercises a judicial discretion which this court will not interfere with unless it is apparent that there has been an abuse of such discretion. Such is so universally the law as to make its statement sufficiently authoritative. It is equally clear that, in exercising this judicial discretion, it is immaterial whether the verdict is too large or too small. "The one verdict stands upon no higher plane in law than the other." *Aboltin v. Heney*, 62 Wash. 65, 113 Pac. 245. The only question, then, for us to determine is, Did the lower court, in granting the order complained of, abuse its judicial discretion? We can find no evidence that it did, not being able to say that the record presents no evidence of a pecuniary loss. Neither is appellant prejudiced by the condition imposed in the order that it might avoid a new trial by consenting to the entry of the judgment in the sum of $700. So far as the latter feature is concerned, it is inconsequential; appellant can reject or accept the condition according to

its best judgment. *Marsh v. Minneapolis Brewing Co.*, 92 Minn. 182, 99 N. W. 630; *Ford v. Minneapolis St. R. Co.*, 98 Minn. 96, 107 N. W. 817.

The judgment is affirmed.

CROW, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.