[No. 15586.  Department Two.  March 22, 1920.]

VIRGINIA GETTY, *by her Guardian etc., Respondent,* v.
L. W. HUTTON, *Appellant.*[1]

APPEAL (406)—REVIEW—DISCRETION—GRANT OF NEW TRIAL.  The
granting of a new trial on discretionary grounds will not be dis-
turbed on appeal unless it appears that there was manifest abuse of
discretion.

Appeal from an order of the superior court for
Spokane county, Hurn, J., entered May 6, 1919, grant-
ing a new trial, after the verdict of a jury rendered in
favor of the plaintiff, in an action for personal in-
juries.  Affirmed.

*McCarthy & Edge* and *George D. Lantz,* for ap-
pellant.

*Post, Russell & Higgins,* for respondent.

BRIDGES, J.—Suit for personal injuries.  There was
a verdict for the defendant.  The plaintiff moved for
a new trial on all of the grounds given by the statute.
At the hearing of the motion, stress was laid on the
alleged facts that there had been misconduct of coun-
sel for defendant and of defendant himself, and that
some of the jurors were incompetent, disqualified, and
prejudiced, and because of insufficiency of the evidence
and errors occurring at the trial.  Some of these
grounds were supported by affidavits.  The court
made an order granting a new trial without specifying
upon what ground or grounds the action was taken.
There was a decided conflict in the testimony on the
question of the negligence of the defendant.

This court, in a great many cases, has held that the
lower court is vested with discretion to grant or deny
a motion for a new trial, and when that judgment is
entered it will not be disturbed on appeal unless it is

[1]Reported in 188 Pac. 497.

shown that there was a manifest abuse of such discretion. Here the court may have granted the new trial on one or all of the nine various grounds set out in the motion therefor. The court may have believed that the verdict was against the weight of the evidence, or that there had been misconduct of some of the parties connected with the suit, or that some of the jurors were disqualified or prejudiced, or he may have determined that there had not been a fair trial because of conditions observed by him during the trial and which the record does not show.

The case of *Funk v. Horrocks,* 99 Wash. 397, 169 Pac. 805, shows the firmness with which we adhere to and follow the rule that we will not interfere with the discretion of the trial court in granting a new trial unless we can say there was a manifest abuse of discretion. In that case, a new trial was granted by the trial court on account of insufficiency of the evidence, and while we stated that, after a careful reading of the testimony, we were inclined to disagree with the view that the evidence was in any respect insufficient, but were emphatically of the opinion that it was sufficient to justify the verdict, yet we refused to set aside the order granting the new trial. See, also, *Sturtevant Co. v. Fidelity & Dep. Co.,* 92 Wash. 52, 158 Pac. 740, L. R. A. 1917C 630; *Independent Brewing Co. v. McCrimmon,* 85 Wash. 610, 148 Pac. 787; *Marshall v. Dunn,* 93 Wash. 156, 160 Pac. 298; *Hawn v. Yakima County,* 93 Wash. 87, 160 Pac. 7. The foregoing are only a few of the more recent cases discussing this question. To set aside the order granting a new trial in this case would be to act contrary to the repeated decisions of this court. The judgment is affirmed.

Holcomb, C. J., Fullerton, Tolman, and Mount, JJ., concur.