[No. 19217.  Department One.  October 8, 1925.]

HAIDEE GASCH SHEAD, *as Administratrix of the Estate of Henry N. Shead, Deceased, Respondent,* .V. JOHN RISER *et al., Appellants.*[1]

NEW TRIAL (24-1)—GROUNDS—INADEQUATE DAMAGES.  It is the duty of the trial court to set aside a verdict and grant a new trial where inadequate damages were given under the influence of passion or prejudice.

APPEAL (406)—REVIEW—DISCRETION—GRANT OF NEW TRIAL.  The discretion of the trial court ·in granting a new trial on the ground of inadequate damages, under Rem. Comp. Stat., § 399, will not be disturbed on appeal, in the absence of anything in the record to show abuse of discretion; and this rule applies notwithstanding Id., § 183, providing that the jury in actions for wrongful death may award such damages as may to them seem just.

APPEAL (465)—HARMLESS ERROR—INSTRUCTIONS.  Error cannot be assigned by plaintiff upon instructions as to contributory negligence, where the jury found for plaintiff on that issue.

Appeal from an order of the superior court for King county, Hall, J., entered November 21, 1924, granting plaintiff's motion for a new trial on the ground of inadequate damages, after the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death.  Affirmed.

*Murphy & Kumm,* for appellant Riser.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellants Richmond.

*Elias A. Wright, Sam A. Wright,* and *Arthur E. Griffin,* for respondent.

MAIN, J.—This action was brought to recover damages for the death of Henry N. Shead, who was so seriously injured when two automobiles collided that he died shortly thereafter.  One of the cars was driven by the defendant John Riser, and the other by the

[1]Reported in 239 Pac. 562.

defendant Volney P. Richmond. The action is against the owners of both cars. Mr. Shead, at the time of the accident, was a guest in the car driven by Richmond. The trial was to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $1,000. The plaintiff moved for a new trial upon all the statutory grounds. The motion was sustained, and in the order granting a new trial it is recited that it is granted because of error in the instructions, and also because of the inadequacy of the damages awarded by the jury. From this order, the defendants appeal.

The first question that will be considered is whether the court erred in granting the new trial because the damages were inadequate. The order recites "that the motion for the new trial of the plaintiff made herein is hereby granted on the ground of error committed by the court in giving instructions Number 11 and 12, and on the further ground that the verdict as rendered by the jury is inadequate, appearing to have been given under the influence of passion and prejudice, resulting in the assessment of a recovery that is too small."

Under § 399, Rem. Comp. Stat., where inadequate damages, appearing to have been given under the influence of passion or prejudice, are awarded by the jury, it is not only the right but the duty of the trial court to set aside the verdict and grant a new trial. Where the trial court grants a new trial for the reason that the damages are inadequate, this court will not interfere, unless we can see from the record that there was an abuse of discretion. Many things may occur during the trial of a case which are perfectly manifest to the trial court, but which are not and cannot be made a matter of record. In *Danielson v. Carstens Packing Co.*, 115 Wash. 516, 197 Pac. 617, it was said:

"The granting or refusing to grant a new trial is entirely discretionary with the trial court except where

pure questions of law are involved, and we have held time and again that we will not interfere with the action of the court in this regard unless we can see from the record that it has abused its discretion. *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497, and cases there cited. But if we were to assume, as appellant does, that the court granted the motion for new trial because it considered the verdict of the jury to be inadequate, still, we would not interfere because we cannot say from the record that it abused the discretion vested in it. Many things may occur during the trial of a case which are perfectly manifest to the trial court, but which are not and cannot be made a matter of record.''

The cases of *Aboltin v. Heney,* 62 Wash. 65, 113 Pac. 245; *Bernard v. North Yakima,* 80 Wash. 472, 141 Pac. 1034; *Hawn v. Yakima County,* 93 Wash. 87, 160 Pac. 7; *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497, are to the same effect.

The force of those cases is recognized by the appellants, but they argue that, in a case of this kind, the rule should not be applied. Section 183-1, Rem. Comp. Stat., after reciting for whose benefit the action may be brought, concludes: ''In every such action the jury may give such damages as, under all circumstances of the case, may to them seem just.'' It is upon the language of this statute that the appellants rest their contention that the verdict should not have been interfered with by the court. The argument is that, since the statute expressly leaves to the jury the assessment of damages, the rule of the above cases should not be applied. The language of the statute gives to the jury the same functions which it would have had in the absence of a legislative declaration that the jury should award such damages as to them seemed just. In *Kranzusch v. Trustee Co.,* 93 Wash. 629, 161 Pac. 492, the action was given by statute, but there was no provision, as here, stating that the jury should give such

damages as to them seemed just. Referring to the function of the jury, it was said that they should award "such damages as to them should seem just." It therefore appears that the rule is the same where the statute has not specifically defined the duty of the jury. In one of the briefs there are a large number of cases cited from other jurisdictions, which it is not necessary here to review, as the question is settled in this state. Many of the cases cited are where the trial court refused to set aside the verdict of the jury, and upon appeal the verdict was sustained. Those cases are not in point because they deal with a different question. If the trial court refuses to grant a new trial it, by so doing, acquiesces in and approves of the verdict. In the case now before us, the trial court disapproved of the verdict and set it aside. There is nothing in the record to indicate an abuse of discretion in granting the new trial.

It will be unnecessary here to consider the instructions which the order granting the new trial refers to as being error. They cover the matter of contributory negligence, and since the plaintiff prevailed, she is not in a position to say that those instructions were erroneous. *Thompson v. Bellingham,* 112 Wash. 583, 192 Pac. 952, 19 A. L. R. 864. It may be said, however, that the correct rule to be given to the jury, where the question is whether a guest or a passenger in an automobile who was injured was guilty of contributory negligence, is stated in *Bauer v. Tougaw,* 128 Wash. 654, 224 Pac. 20, and upon a retrial of the action the jury will undoubtedly be instructed in accordance with the holding in that case.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, and ASKREN, JJ., concur.