[No. 22074. Department One. December 12, 1929.]

SANFORD DAIGLE, JR., *by his Guardian ad litem Sanford Daigle, Respondent,* v. NICK RUDEBECK *et al., Appellants.*[1]

[1] Reported in 282 Pac. 827.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Stanley J. Padden, Howard LeClair,* and *Clarence J. Coleman,* for respondent.

TOLMAN, J.—This is an action for personal injuries to the minor plaintiff, received in a collision between a bicycle ridden by the boy and an automobile owned by and operated on behalf of the husband and wife who were made defendants.

The cause was tried to a jury and a verdict rendered in plaintiff's favor for $1,018.10. The plaintiff moved for a new trial on a number of grounds, among them being inadequacy of the verdict by reason of passion and prejudice, erroneous assessment of damages, in that the amount was too small, and that the verdict is not in accordance with the effective proof which shows that the plaintiff was entitled to recover (if entitled to recover at all) a greater amount than was allowed by the jury. This motion was, in due course, presented to the trial court, who, in a written order granting a new trial, set forth:

"Now, THEREFORE, in confirmation of said oral announcement, the court does now order, direct, adjudge and decree that the plaintiff be, and he is hereby granted a new trial in the above entitled action, and the verdict of the jury is hereby set aside and held for naught; that the said motion for new trial is granted upon the ground of insufficiency of the evidence to justify the verdict in that the amount awarded by the jury is not in conformity with the evidence adduced at the trial and is inadequate, though not so far inadequate as to indicate passion or prejudice."

From this order, the defendants have appealed to this court.

The foundation of appellants' contentions here is the holding embodied in the written order, above quoted, to the effect that the jury was not swayed by passion or prejudice in reaching its verdict, and it is argued therefrom that the ruling complained of amounts to a denial of the right of trial by jury.

The question of negligence, for present purposes, is not in the case. That issue has been found against the appellants by the jury, and, having so found, it was the duty of the jury to assess the damages flowing from that negligence according to the evidence and the instructions of the court. The court instructed the jury:

"You are instructed that, in the event you find a verdict for the plaintiff, you will fix such in that amount and allow the plaintiff such sum as, from the fair preponderance of the evidence bearing thereon, you deem necessary to fairly, justly and fully compensate the plaintiff for such injuries as you may believe, from the fair preponderance of the evidence, he sustained as a direct and proximate result of the collision in question, including the temporary and permanent physical impairment, if any, plaintiff suffered, and including such pain and suffering, if any, which you may find plaintiff has endured or will with reasonable probability endure in the future. You shall also allow the plaintiff recovery for such sums as represent what you shall find from the fair preponderance of the evidence to be the amount of expense incurred for medical and surgical services, not exceeding five hundred dollars, for hospital expense not exceeding $310.60, for nurse hire not exceeding $208 and for medicines not exceeding $12, and in no event can the entire amount of your verdict, if rendered for plaintiff, exceed the sum of $15,000."

It will be seen that the amount awarded by the verdict is almost the exact amount which the jury was instructed might be allowed as special damages, a little less in fact, and since the evidence as to special dam-

ages was in no way controverted, it is at once apparent that the jury allowed nothing for general damages.

It was freely admitted that the boy was seriously injured; that he was unconscious for several hours following the injury; that he was taken to a hospital and, after about two weeks, an operation was performed; that he sustained a fracture of the skull in the region of the mastoid bone, from which the spinal fluid drained for a considerable period; that he remained in the hospital for some seven weeks and was then removed to his home where after a period of convalescence he returned to school some six months after the accident happened, though there is considerable evidence, we think practically undisputed, that he had not at that time by any means wholly recovered. The question of permanent injury was hotly contested, and there was evidence *pro* and *con* upon that question, so that whichever way the jury might have found would have been entirely within its province. It is practically confessed here that the jury allowed nothing for pain and suffering, which admittedly was very considerable; nothing for the long confinement and enforced retirement from the usual activities which, though the boy had no earning capacity, constituted a real substantial damage for which he was entitled to compensation.

We have frequently held that where the evidence is conflicting, it is entirely within the discretion of the trial court to grant or deny a new trial upon the ground of the insufficiency of the evidence to justify the verdict or that the verdict is against the weight of the evidence, and we have likewise upheld trial courts in setting aside verdicts and granting new trials where the amount awarded was in the opinion of the trial court inadequate. *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760; *Sturtevant Co. v. Fidelity & Deposit Co.*, 92 Wash. 52, 158 Pac.

740, L. R. A. 1917C 630; *Jorgenson v. Crane,* 92 Wash. 642, 159 Pac. 796; *Clausing v. Kershaw,* 129 Wash. 67, 224 Pac. 573; *Maddock v. McNiven,* 139 Wash. 412, 247 Pac. 467, and cases therein cited.

From the order which we have quoted, it will be seen that the trial court in this instance granted the motion, not only upon the ground of the inadequacy of the verdict, but upon the further and additional ground that the evidence was insufficient to justify the verdict in that the amount awarded by the jury is not in conformity with the evidence adduced at the trial. On those grounds, and particularly when, as here, there was substantial undisputed evidence calling for an award for general damages, we think the trial court cannot be said to have abused his discretion. It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive.

There is another element in this case, however, which we think should be taken into consideration. It was the duty of the jury to follow the law as given to it by the trial court, and, as we have seen by the instruction which we have already quoted, the jury were told, in effect, that the plaintiff was entitled to receive such sum as would fairly and fully compensate him for the injuries he might be found to have received. It being admitted he had received a serious and painful injury, had been long confined in hospitals and under medical care, had undergone a serious operation necessitated by the injuries received, and been for months incapacitated for the enjoyment of life in the usual way, facts which the jury could not help but believe because they were admitted in substance, then the

duty followed under the instruction of the court, which was the law of the case, to allow some compensation for these injuries. Not having done so, it is apparent that the jury erroneously disregarded the law and failed to follow the court's instruction, and therefore there was error in the assessment of damages.

Finding no error, the judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, and MILLARD, JJ., concur.
BEALS, J., concurs in the result.