[No. 23809.   Department Two.   August 23, 1932.]

ANTON NORLAND, *Appellant*, v. HARRY PETERSON *et al.*, *Respondents.*[1]

*Frank E. Boyle* and *George F. Hannan,* for appellant.

*Kahin & Carmody* and *Paul Coughlin,* for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries, and was tried to the court and a jury. After a verdict in favor of the plaintiff

[1]Reported in 13 P. (2d) 483.

in the sum of $590, the plaintiff moved for a new trial, which motion was overruled and judgment was entered upon the verdict, from which he appeals.

The accident out of which the litigation arose happened January 1, 1931, at about seven o'clock p. m., in the city of Seattle, on or near what is known as the Montlake bridge. The appellant was proceeding south in a Forde coupe owned and driven by one Peter Sylte. A Plymouth sedan owned by the respondents and driven by Harry Peterson, who will be referred to as though he were the only party on that side of the controversy, was proceeding north.

According to the testimony of the appellant and his witnesses, the car driven by Peterson turned to its left-hand side of the road, and the two automobiles came together in a head-on collision. It is for injuries sustained in this collision that the appellant seeks damages. The injuries consisted, as he testified, of six big cuts on his face and some smaller ones. According to the testimony of the doctors, he also sustained a fractured or broken right kneecap.

It is first contended that the verdict was contrary to the weight of the evidence, in that it was inadequate in amount and the trial court abused its discretion in denying the motion for new trial for this reason; and also because the size of the verdict indicated passion and prejudice on the part of the jury.

The evidence of the doctors called by the respective parties as to the extent of the injury to the kneecap was directly in conflict. The doctor called by the appellant testified that that injury was permanent, and the doctors called by the respondent testified that it was such that the appellant could have resumed his occupation within a period varying from four or five weeks to two or three months. The appellant also called a number of non-expert witnesses who had had

an opportunity to observe his condition, and they testified with reference thereto.

The appellant was a fisherman, and from about June to October of each year engaged in that occupation. When not so engaged, he did odd jobs as a laboring man.

The granting or refusing to grant a motion for new trial is discretionary with the trial court, except where pure questions of law are involved, and this court will not interfere with the ruling of the trial court upon such a motion, unless it can be said from the record that that court abused its discretion. *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617. Other cases might be cited, but the rule is so well settled that it is unnecessary here to multiply the citations.

The trial court, in passing upon a motion for new trial based upon the ground that the verdict of the jury is inadequate or excessive, will consider the evidence, and if that court is of the opinion that substantial justice has not been done, it will, in the exercise of its duty, grant a new trial. *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827. But the function of this court is different, and the ruling of the trial court upon the motion will not be disturbed upon appeal, unless it can be said that the verdict is so far inadequate or so excessive as to be without support in the evidence, or it must appear that the verdict was the result of some extrinsic consideration, such as bias, passion or prejudice on the part of the jury. *Dorian v. Boone,* 152 Wash. 681, 279 Pac. 107.

The evidence as to the extent of the appellant's injury to his knee, as above pointed out, was directly in conflict. The trial court, in passing upon the motion for new trial, weighed this evidence, as was its duty, and denied the motion, and it cannot be said from the

record that, in so doing, it abused its discretion. Neither can it be said from the record that the jury, in fixing the amount of the verdict at the sum they did, were actuated by passion or prejudice.

Conceding that the law, as stated in the case of *Aboltin v. Heney,* 62 Wash. 65, 113 Pac. 245, is applicable to the case now before us, it would tend to support the judgment rather than to cause its reversal. There, the trial court sustained the motion for a new trial for the reason that the damages were inadequate, and upon appeal, the order granting the new trial was affirmed on the ground that the trial court had not abused its discretion. In that case, the trial court exercised its discretion and granted the motion, while in the present case the trial court, in the exercise of its discretion, denied the motion.

It is next contended that the court erred in refusing to give an instruction requested by the appellant, to the effect that, when it develops in the course of a trial that there are witnesses available to one party or the other who, if called, could testify to material facts favorable to such party, then, if such party fails to call the witnesses or explain his failure so to do, the jury would be justified in assuming that the witnesses, if called, would testify adversely to the interest of the party failing to call them.

It is thought that this instruction should have been given, because the respondent failed to call one of the doctors who examined the appellant a short time before the trial. The respondent had come into court and asked that doctors be appointed to make an examination of the appellant's knee, but, without a ruling of the court upon the application, it was stipulated between the attorneys for the respective parties that such an examination might be made. Thereafter three doctors did examine the appellant, and, upon

the trial, the respondent called two of them as witnesses, but did not call the third.

In the case of *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932, the court, in commenting upon an instruction given in that case, of like import as the one which the appellant requested in this case, stated that the rule thus announced by the court had the sanction of the authorities, but that it was of limited application, and was applied where the witness was an actor in the transaction which gave rise to the controversy and was presumably favorably disposed toward one of the parties; and that the rule did not apply to strangers who were mere witnesses to the transaction and equally within the call of each party. It was there said:

"The general rule thus announced by the court has the sanction of the authorities, but it is of but limited application. In instances where the witness is an actor in the transaction which gives rise to the controversy, and is presumably favorably disposed towards one of the parties and that party does not produce him as a witness, it is presumed that his testimony, if produced, would be unfavorable to him. But the rule is not applicable to strangers who are mere witnesses to the transaction and equally within the call of the one party as the other."

The doctor who was not called by the respondent was equally as available to the appellant, so far as the record shows, and there was no error in the refusal of the court to give the requested instruction. *Montevallo Mining Co. v. Little,* 208 Ala. 131, 93 So. 873.

█ It is next contended that the court erred in commenting upon the evidence during the progress of the trial. What the court said was addressed to counsel when ruling upon a request that a doctor, who had been called by the respondent and who was being cross-examined, should be required to produce a report which

he had made to the respondent about a year previous, with reference to the appellant's then condition. There was no error in this regard. In *Osborne v. Galusha,* 143 Wash. 127, 254 Pac. 1086, it is said:

"In a good many instances the court gave his reasons for his rulings upon objections to the admission of testimony. Whatever he said in these regards was addressed entirely to the attorneys in the case. We have so frequently held that such is not a comment on the evidence, that we deem it unnecessary to cite the cases."

In some of the cases cited by the appellant, the court either vouched for the veracity and rectitude of the witness, or indicated a doubt as to his integrity. But the comment in this case does not fall within the rule of those cases.

It is next contended that it was error to admit in evidence an X-ray picture of a broken knee which was not that of the appellant, but that of an entirely different person. At the time it was admitted, the court was careful to say:

"So the jury understands that the picture that counsel now has in his hand was not taken of this plaintiff but it is another subject altogether, and introduced merely for the sake of illustration, for that purpose it may be received."

There was a difference of opinion between the doctors who testified as to the extent of the injury to the knee, and the purpose of introducing the X-ray was to show the appearance of a knee which had sustained a more severe injury than the respondent contended the appellant sustained in this case. In *Kelly v. Spokane,* 83 Wash. 55, 145 Pac. 57, it was said:

"We deem it pertinent, however, to say that the practice of admitting photographs and models in evi-

dence in all proper cases should be encouraged. Such evidence usually clarifies some issue and gives the jury and the court a clearer comprehension of the physical facts than be can obtained from the testimony of witnesses."

There was no error in admitting the X-ray picture under the statement of the trial court limiting its purpose.

The appellant makes some other contentions, all of which have been considered, but they do not appear to us to be of such a character that it is necessary here to discuss them in detail. It is sufficient to say that in none of them do we find that there is substantial merit.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.