[No. 24636. Department One. December 7, 1933.]

JOHN W. HUNTINGTON, *a minor, by Ida M. Huntington, his guardian ad litem, Respondent,* v. CLALLAM GRAIN COMPANY, *Appellant.*[1]

*Ralph S. Pierce, Edwin J. Cummins,* and *Lewis & Church,* for appellant.

*Trumbull, Severyns & Trumbull,* for respondent.

STEINERT, J.—This is an action for damages for personal injuries alleged to have been sustained by a minor, plaintiff herein, as the result of having been struck by a truck negligently operated by defendant's employee. The case was tried to a jury, which rendered a verdict for plaintiff in the sum of twenty-five hundred dollars. The plaintiff moved for a new trial

[1]Reported in 27 P. (2d) 583.

on several statutory grounds, including, among others, that of "inadequate damages appearing to have been given under the influence of passion or prejudice." The motion was granted, the order based thereon reciting that a new trial was awarded the plaintiff "for the reason and upon the ground that the damages awarded to plaintiff are inadequate." From this order, the defendant has appealed.

The question of negligence and consequent liability of the appellant is not in any way presented by this appeal. The only question before us is whether the trial court abused its discretion in granting respondent's motion after a trial to the jury on the merits.

The law upon this and closely kindred questions has been so thoroughly settled in this state that little more is necessary than a reference to the authorities. Where the evidence is conflicting, as it was in this case, it is wholly within the discretion of the trial court to grant or to deny a motion for new trial upon the ground that the evidence is insufficient to justify the verdict, or that the verdict is against the weight of the evidence, or that the amount awarded is, in the opinion of the trial court, either excessive or inadequate; and the ruling of the trial court on such questions will not be disturbed, in the absence of manifest abuse of discretion. *Aboltin v. Heney,* 62 Wash. 65, 113 Pac. 245; *Bernard v. City of North Yakima,* 80 Wash. 472, 141 Pac. 1034; *Hawn v. Yakima County,* 93 Wash. 87, 160 Pac. 7; *Nelson v. Pacific Coast Casualty Co.,* 96 Wash. 43, 164 Pac. 594; *Shead v. Riser,* 136 Wash. 270, 239 Pac. 562; *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827; *McGinnis v. Brandt,* 158 Wash. 656, 291 Pac. 709; *Norland v. Peterson,* 169 Wash. 380, 13 P. (2d) 483.

In the case of *Daigle v. Rudebeck, supra,* a verdict was rendered for the plaintiff therein in the sum of

$1,018.10. The plaintiff moved for a new trial on a number of grounds, among them being

". . . inadequacy of the verdict by reason of passion and prejudice, erroneous assessment of damages, in that the amount was too small, and that the verdict is not in accordance with the effective proof which shows that plaintiff was entitled to recover (if entitled to recover at all) a greater amount than was allowed by the jury."

The order granting the motion contained the following recitation:

". . . that the said motion for new trial is granted upon the ground of insufficiency of the evidence to justify the verdict in that the amount awarded by the jury is not in conformity with the evidence adduced at the trial and is inadequate, *though not so far inadequate* as to indicate passion or prejudice." (Italics ours.)

From the above quotation, it will be noted that, while the verdict was found by the court to be inadequate in amount, it was not so far inadequate as to indicate passion or prejudice. Despite this fact, this court said on p. 540:

"From the order which we have quoted, it will be seen that the trial court in this instance granted the motion, not only upon the ground of the inadequacy of the verdict, but upon the further and additional ground that the evidence was insufficient to justify the verdict in that the amount awarded by the jury is not in conformity with the evidence adduced at the trial. On those grounds, and particularly when, as here, there was substantial undisputed evidence calling for an award for general damages, we think the trial court cannot be said to have abused his discretion. It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive."

In *Norland v. Peterson, supra,* we said on p. 382:

"The trial court, in passing upon a motion for new trial based upon the ground that the verdict of the jury is inadequate or excessive, will consider the evidence, and if that court is of the opinion that substantial justice has not been done, it will, in the exercise of its duty, grant a new trial. *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827. But the function of this court is different, and the ruling of the trial court upon the motion will not be disturbed upon appeal, unless it can be said that the verdict is so far inadequate or so excessive as to be without support in the evidence, or it must appear that the verdict was the result of some extrinsic consideration, such as bias, passion or prejudice on the part of the jury."

In *Clark v. Great Northern Railway Co.,* 37 Wash. 537, 79 Pac. 1108, we said on p. 540:

"These courts should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

In *Bernard v. City of North Yakima, supra,* we said on p. 473:

"Under our practice, the jury, in the first instance, is to determine the amount of damages to be awarded in case of a recovery. But it is equally true that, when, in the judgment of the trial court, the jury has failed in its whole duty in this regard and has returned a verdict in an excessive or inadequate amount, it is the duty of the trial court to correct such verdict."

The fact that the order granting a new trial did not contain a recitation to the effect that the verdict was reached through passion or prejudice makes no difference. No recital to that effect is required. *Nelson v. Pacific Coast Casualty Co., supra.*

314

Appellants cite a number of cases from this jurisdiction wherein the trial court refused to set aside the verdict of the jury, and, upon appeal, the verdict was sustained. Those cases present a different situation, and are not controlling here. In *Shead v. Riser, supra,* the same argument was advanced with respect to such cases, and we said, on p. 273:

"Many of the cases cited are where the trial court refused to set aside the verdict of the jury, and upon appeal the verdict was sustained. Those cases are not in point because they deal with a different question. If the trial court refuses to grant a new trial it, by so doing, acquiesces in and approves of the verdict. In the case now before us, the trial court disapproved of the verdict and set it aside. There is nothing in the record to indicate an abuse of discretion in granting the new trial."

In the case before us, the negligence of the appellant was established by the verdict of the jury. The evidence as to the extent of damages was conflicting. There was credible evidence, however, to the effect that the respondent, a boy six years of age, would, because of his injuries, never be able to engage in any gainful occupation requiring sustained physical effort, and that, by reason of a paralysis of the palate and the muscles of the throat, his ability to engage in professional activities would be seriously impaired, even if he were otherwise equipped to engage in such activities. If the trial judge believed the evidence of the respondent, which he manifestly did, he had the right to determine, as he also did, that the verdict was wholly inadequate to compensate the respondent for his injuries. In this, we can find no abuse of discretion.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ. concur.