[No. 25179. Department One. December 26, 1934.]

JOHN L. COLE, *Appellant*, v. JOHN P. KOCH *et al.*, *Respondents.*[1]

*Russell H. Fluent,* for appellant.

*Weter, Roberts & Shefelman* and *Mike Copass,* for respondents.

MILLARD, J.—This action was instituted by a lessee to recover damages he claims to have sustained by reason of breach of lease by his lessors. Affirmatively defending on the grounds of false representations and improper conduct which required the defendants to take charge of the leased premises for protection of same, defendants, by cross-complaint, sought recovery of damages alleged to have been suffered by them as a result of plaintiff's conduct. Trial of the cause to a jury resulted in verdict for one dollar in favor of the plaintiff. On the ground that the damages awarded by the jury were inadequate, and on other grounds, plaintiff moved for a new trial. The motion was de-

[1]Reported in 38 P. (2d) 1053.

nied. The plaintiff appealed from the judgment entered on the verdict.

The appeal is before us on the clerk's transcript of the record, the evidence not having been brought here for review. It follows that the assignment that the court erred in denying the motion for a new trial can not be successfully urged. In the absence of manifest abuse of discretion, the ruling of the trial court on such question will not be disturbed.

"Where the evidence is conflicting, as it was in this case, it is wholly within the discretion of the trial court to grant or to deny a motion for new trial upon the ground that the evidence is insufficient to justify the verdict, or that the verdict is against the weight of the evidence, or that the amount awarded is, in the opinion of the trial court, either excessive or inadequate; and the ruling of the trial court on such questions will not be disturbed, in the absence of manifest abuse of discretion. [Citing cases.]" *Huntington v. Clallam Grain Co.*, 175 Wash. 310, 27 P. (2d) 583.

As no statement of facts was brought to this court, we are unable to examine the evidence to ascertain whether there was any abuse of discretion.

The assignment that the court erred in entering judgment on the verdict for appellant in the amount of one dollar is also subject to the handicap of the absence of the statement of facts. It may be that evidence was adduced which warranted the jury in denying recovery to appellant on his complaint, in refusing recovery to respondents on their cross-complaint, and in awarding a nominal verdict to appellant to absolve him from payment of costs. In the absence of the evidence, it will be conclusively presumed that the verdict is based upon the evidence which will support it.

The judgment is affirmed.

BEALS, C. J., MAIN, GERAGHTY, and TOLMAN, JJ., concur.