[No. 24944. Department Two. July 17, 1934.]

R. M. GORDON, *Respondent*, v. JEFF BARTELL, *as Sheriff for Grays Harbor County, et al., Appellants.*[1]

*Paul O. Manley* and *J. E. Stewart,* for appellants.

*F. L. Morgan,* for respondent.

TOLMAN, J.—This is an action in tort for damages sustained by reason of an alleged assault. The case was tried to a jury, which returned a verdict:

"Against the defendants, E. C. LEWIS and JEFF BARTELL, in the sum of $800, and against the defend-

[1]Reported in 34 P. (2d) 712.

ant AMERICAN SURETY COMPANY OF NEW YORK, in the sum of $800.''

A motion for a new trial was interposed by the plaintiff, based upon irregularities and abuse of discretion; misconduct or mistake of the jury; accident and surprise; newly discovered evidence and

''Damages so inadequate as unmistakably to indicate that the verdict must have been the result of passion, mistake or prejudice.

''Error in the assessments of the amount of recovery, in that it is too small, and the verdict does not represent the true finding of the jury.''

A new trial was granted by a general order specifying no particular ground or grounds therefor. The defendants have appealed from the order granting a new trial.

 We have held in many cases that, where the motion for a new trial embraces several grounds, among which are those calling for the exercise of judicial discretion, and a general order is made granting the motion, we will not go behind that order to determine upon which ground the motion was granted. The doctrine was very clearly announced in *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897, and has ever since been consistently adhered to. See *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583, and cases therein cited.

This case was submitted to a jury upon conflicting evidence. The court was asked to grant a new trial upon a number of grounds calling for the exercise of his discretion. The motion was granted by general order, and it not appearing that there was an abuse of discretion, the order of the trial court must be, and it is, affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.