[No. 25711.   Department Two.   June 24, 1935.]

R. M. GORDON, *Respondent*, v. JEFF BARTELL, *as Sheriff for Grays Harbor County, et al., Appellants.*[1]

*Paul O. Manley,* for appellants.

*F. L. Morgan,* for respondent.

HOLCOMB, J.—This is the second appeal of this case. See *Gordon v. Bartell,* 178 Wash. 258, 34 P. (2d) 712. On the first trial, the jury rendered a verdict for the recovery of eight hundred dollars against each of three defendants, separately, including the company which was surety for the other defendants, which the trial court set aside by general order.  On the retrial, the jury rendered a verdict in favor of respondent against all of the defendants for $2,750.

[1] Reported in 46 P. (2d) 1063.

On appeal, the sole question urged by appellants is that the court erred in overruling their motion for a new trial for the reason that the amount of the verdict was so excessive as to clearly indicate that the jury was influenced by passion and prejudice; and for the further reason that there was no competent evidence to sustain the verdict and in entering judgment against appellants.

The action was for a tort committed by the sheriff and his deputy upon respondent in October, 1932. At that time, respondent was in good health and about twenty-nine years of age. He was a farmer and butcher, living in the vicinity of Elma, Washington, and had had some differences with another deputy sheriff named Rae. He was invited to call at the sheriff's office in Montesano, and upon reaching the office, deputy sheriff Lewis, one of appellants, took off his gun and star, began a verbal assault upon respondent, challenged him to a fight, and struck him in the face when respondent was rising from his chair. Appellant, the sheriff, stood by and moved the furniture so that his deputy would have a better opportunity and generally assisted so far as he could without himself actually striking any blows. During the scuffle, respondent was forced over the sheriff's desk, striking his back and loins in the region of his kidneys, and the blows of the deputy inflicted severe injuries upon respondent.

The jury was justified in finding, from ample and competent testimony, that, prior to the assault, respondent was an exceptionally strong and vigorous young man; that he had been engaged in butchering and could lift quarters of beef and other heavy objects and was generally in good condition; that, immediately after the assault, he suffered great pain and began to pass blood with his urine; that he lost considerable

weight, was unable to do heavy work, and up to the time of the trial he continued to pass blood and suffered such great pain that frequently his wife had to attend him in the middle of the night. An X-ray examination showed that one kidney was dead, being absolutely without function. It was disclosed that the other kidney was swollen to twice its normal size and considerably displaced. It was also proven that, if the enlarged kidney failed, or was removed, he must inevitably die.

As against this testimony, appellants introduced the testimony of one expert, a physician, who considered it likely that the injuries which respondent admittedly was suffering had been caused by a previous football injury about ten years before. Respondent's physician testified that he had long before completely recovered from that injury.

The whole contention of appellants to show that the verdict was excessive is that the testimony of their expert must be accepted as conclusive and the jury be bound by it.

That contention is erroneous. The jury were not bound to accept as conclusive the testimony of the expert for appellants. They were entitled to resolve the testimony in favor of that of the physician of respondent, himself and his wife, as to his serious, permanent injuries and pain and suffering.

Inasmuch as a former jury attempted to find a verdict totalling in amount $2,400, which was improperly segregated, and the last jury awarded $2,750, which was well within the evidence in the case, we can see no legal reason to set it aside as excessive and indicating passion and prejudice. More than three times that recovery was sustained in *Alkire v. Myers Lumber Co.*, 57 Wash. 300, 106 Pac. 915, where a young man but little older than respondent in this case was

similarly injured. The jury allowed nine thousand dollars for permanent injuries and pain and suffering, which this court refused to set aside.

The trial judge here refused to set aside the award of the jury on a motion for a new trial, thereby exercising his discretion, which we see no just cause to disturb.

The judgment is affirmed.

MILLARD, C. J., STEINERT, MITCHELL, and BLAKE, JJ., concur.