## Matthew Donaghue, Appellee, v. Edward J. Fraikin, Appellant.

### Gen. No. 6,192.   (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. Joe A. DAVIS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916. Rehearing denied May 12, 1916.

### Statement of the Case.

Action by Matthew Donaghue, plaintiff, against Edward J. Fraikin, defendant, to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals.

Matthew Donaghue, the plaintiff, was riding along a public highway north of Ottawa just after dark July 9, 1909, driving a single horse attached to a top buggy. He was in a beaten path a little to the side of the center of the road because the center had been recently graded. As he was passing the premises of Edward J. Fraikin, the defendant, his buggy ran over a cow lying in the road and was overturned. Plaintiff was injured quite seriously. Both bones of his ankle were broken,—a compound, comminuted fracture. He was confined to his house for a long time, suffering considerable pain and incurring considerable expense for doctors' bills. His injuries were to some extent permanent. He brought this action to recover for that injury, and had verdict and judgment for five hundred dollars.

The issues of fact were stated to the jury at the instance of the defendant in the following instructions:

"The court instructs the jury that before they can find the defendant guilty, they must believe, from a preponderance of the evidence,

"First, that the plaintiff received the injuries com-

plained of by him by having his buggy upset or over-turned by a cow lying in the public highway;

"Second, that the plaintiff himself was not guilty of a want of ordinary care for his own safety;

"Third, that the defendant was the owner of said cow;

"Fourth, that the defendant carelessly, negligently or unlawfully permitted said cow to run at large on said public highway; and,

"Fifth, that the injury to the plaintiff was one which an ordinary prudent person should have fore-seen would likely happen as a consequence of permit-ting a cow to run at large on a public highway, and unless the jury find from the evidence that the plaintiff has proved each of said requirements by a preponder-ance of the evidence, the jury should find the defend-ant not guilty."

The evidence sustained affirmative findings on the first and second propositions. There was a decided conflict of evidence as to the third whether the defend-ant was the owner of the cow. The evidence showed that he had a number of cows kept on his premises; that at different times before the accident they had been pastured in the road. One witness that appeared at the scene of the accident immediately after it hap-pened testified that there were two cows in the road there that he had before seen in defendant's herd. The doctor that was called to the place said that defendant then and there said he felt sorry to think it was his cow that was the cause of plaintiff's breaking his leg. It was so dark that plaintiff did not identify the cow at the time of the accident, but he testified that he had a conversation with defendant afterwards in which defendant told him that after taking him, plaintiff, home that night he saw two of his cows coming down the road from the north.

GEORGE P. HILLS and BUTTERS & CLARK, for appel-lant.

E. C. Swift and L. W. Brewer, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Animals, § 43*—*when evidence sufficient to show ownership.* In an action for personal injuries sustained by the plaintiff as a result of his driving over a cow lying in a highway, evidence *held* sufficient to sustain a finding that the cow belonged to the defendant.

2. Animals, § 42*—*when evidence of custom in allowing animals to run at large admissible.* In an action for personal injuries sustained as a result of the plaintiff running over the defendant's cow lying in a highway, where the defendant claimed that a cow which had escaped from its inclosure without the owner's fault was not running at large within the meaning of J. & A. ¶ 322, evidence of a custom of the defendant to permit his domestic animals to run in the highway, and that they had been seen there unattended shortly before the accident, *held* admissible on the question of knowledge and care of defendant.

3. Animals, § 14*—*when allowing to run at large constitutes negligence.* A cow permitted to run at large in a public highway in the nighttime may be reasonably expected to lie down in the road and become a danger and menace to travel.

4. Roads and bridges, § 241*—*when modification of instruction as to contributory negligence of driver of horse proper.* In an action for personal injuries resulting from the plaintiff driving over a cow lying in the highway, a modification of an instruction that the plaintiff could not recover if he "could by the exercise of reasonable and ordinary care have so driven his horse and buggy prior to and at the time in question as to have avoided the accident," by inserting the word "just" before "prior," *held* proper and not to exclude consideration of the question whether the plaintiff was intoxicated, since if he could not have seen the cow because he was intoxicated he would not have been exercising due care.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.