# Francis Farrell, Plaintiff in Error, v. Silas Crawford and Louis Martin, Defendants in Error.

## Gen. No. 6,909.

1. ANIMALS—*liability for damage while in custody of bailee.* The bailee and not the bailor is liable for the injury done by stock in the custody of the bailee.

2. ANIMALS—*knowledge of custodian of bull that it was at large, as prerequisite to liability.* In an action to recover for injuries caused by the frightening of plaintiff's horse, while being driven in the public highway, by a bull owned by one defendant and in the custody of the other defendant, it was error to modify one of plaintiff's instructions by requiring the jury to make plaintiff's recovery contingent upon their finding that the bull was running at large through the permission and with the consent of the defendant having its custody.

3. ANIMALS—*when deemed running at large.* Under the holding in *Bulpit v. Matthews*, 145 Ill. 345, every animal of the species named in the statute of 1895 (Cahill's Ill. St. ch. 8, ¶¶ 1-6) is running at large if it is so running upon the public highway unattended, unrestrained and uncontrolled, and this whether or not such animal is upon the public highway with the knowledge and consent of the owner or custodian.

4. ANIMALS—*showing as to knowledge of owner that animal was at large.* In an action caused by the frightening of plaintiff's horse by a bull running at large upon the public highway, plaintiff was not required to show that the bull was at large by the permission or through the fault of the owner, as the common law which requires the owner of cattle to keep them on his own land at his peril is the law in force in this State.

5. ANIMALS—*character of horse as affecting recovery for injury by fright on highway.* In an action to recover for injuries caused by the frightening of plaintiff's horse by a bull running at large upon the public highway, an instruction stating the law to be that plaintiff was required to drive an "ordinary horse" which under like circumstances would not have become unruly, was erroneous.

6. ANIMALS—*allegation of defendant's knowledge that bull was at large as surplusage.* The allegation, in an action for damages caused through the frightening of plaintiff's horse by a bull which was at large upon the public highway, that the bull was at large on the highway with the permission of the defendants was treated as surplusage, where there was enough left after such striking to

state a cause of action based upon the common law which requires the owner of cattle to keep them on his land at his peril.

7. ANIMALS—*necessity for proving bull at large without fault of defendant.* An instruction, in an action based upon defendant's common-law liability for injuries resulting through defendant's bull being at large upon the public highway, was erroneous which required plaintiff to prove that the bull was upon the highway without the permission and without the fault of the defendant.

8. ANIMALS—*owner not liable for injury by bull at large through fault of bailee.* In an action against the owner and the custodian of a bull to recover for injuries sustained through such bull being at large upon the public highway, a peremptory instruction in favor of the owner finding him not guilty was properly given, because the bailee and not the bailor is liable for the injury done.

Error to the Circuit Court of La Salle county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the April term, 1921. Affirmed in' part and reversed and remanded in part. Opinion filed November 2, 1921.

W. C. JONES and BUTTERS & CLARK, for plaintiff in error.

ARTHUR H. SHAY, for defendants in error.

MR. JUSTICE JONES delivered the opinion of the court.

This is a suit brought by the plaintiff in error, Francis/ Farrell, against Silas Crawford and Louis Martin for injuries alleged to have been sustained by her when thrown from a buggy. The declaration charges that the horse she was driving became frightened by a bull owned by Martin but which had been in the custody of the defendant, Crawford, for some time prior to the accident in question. The original counts charge that the defendants negligently and carelessly permitted said bull to be and remain on the public highway, and at least one of the additional counts charge that the bull was running at large on the public highway. At the conclusion of all the evidence the court gave a peremptory instruction in favor of Mar-

tin finding him not guilty and the jury found Crawford not guilty. The facts in the case tend to show that the plaintiff, Francis Farrell, was driving a horse attached to a buggy westward along what is known as the Main street road leading west from the City of Streator. About three miles west of Streator she met the bull which had escaped from the close of the defendant Crawford without his consent or permission and was on the public highway. A man named Wolf was driving some cattle across the said highway from one pasture to another. The bull was interfering with his cattle and he drove it away from them eastward in the direction of the plaintiff. It became excited and unruly and as plaintiff approached, it came running and bellowing along the side of the road towards her horse. When near the horse the bull turned sharply to the center of the road in front of the horse which took fright, reared and attempted to turn around and in so doing threw the plaintiff out of the buggy thereby injuring her. Crawford was away from home that day and in his absence the bull had escaped from the close in which he put it without his knowledge.

The plaintiff avers in the additional counts to the declaration that "said bull was on the ninth day of April, A. D. 1915, carelessly, negligently and unlawfully permitted by the said defendants to be and remain upon said highway." The trial court was asked by the plaintiff to instruct the jury (plaintiff's instruction No. 1) that if they believe from the evidence that while Crawford had the care and custody of the bull it was running at large upon the public highway and by reason thereof the horse driven by the plaintiff became frightened and overturned the buggy throwing the plaintiff upon the ground and causing her to be injured, then the jury should find the defendant guilty provided the jury further believe from the evidence that the plaintiff was at the time of the accident in the exercise of due care and caution for her own safety.

The court modified the instruction and added words requiring the jury to find that the bull was running at large through the permission and with the consent of the defendant Crawford before he would be liable.

We are of the opinion that under the holding in the case of *Bulpit v. Matthews,* 145 Ill. 345, every animal of the species named by the Statute of 1895 (Cahill's Ill. St. ch. 8, ¶¶ 1-6) is running at large if it is upon the public highway unattended, unrestrained and uncontrolled and this whether or not such animal is upon the highway with the knowledge and permission of the owner or custodian. Therefore it was error for the court to modify plaintiff's instruction No. 1 as above mentioned.

We do not agree with the contention of the defendant that under the decision in the *Bulpit* case it is necessary for the plaintiff to prove that the bull was at large or remained on the highway by permission or through the fault of its owner or custodian.

After reviewing the common law and the various statutes of Illinois relative to stock running at large, the Supreme Court in the *Bulpit* case holds that all running at large of stock upon the highways or commons, or upon the lands of others than the owners without leave, is unlawful; that while it is necessary to show that stock was at large by the permission or through the fault of the owner where a penalty is to be inflicted, such proof is not necessary in an action for damages on account of injuries done by stock while running at large; that stock at large, with or without the knowledge or consent of the owner, is unlawfully and wrongfully at large; and that the common law which requires the owner of cattle to keep them on his own land at his peril is the law in force in this State.

We are also of the opinion that defendant's instruction No. 14 requires a greater degree of skill and experience in driving a horse than was required of the plaintiff in the exercise of due care and caution for her

own safety under the circumstances of this case.

Defendant's instruction No. 15 was erroneously given because it states the law to be that the plaintiff, in order to recover in this case, was required to drive an "ordinary horse" which under like circumstances would not have become unruly. Such is not the law. Defendant's instruction No. 16 is subject to the same objection.

Defendant's instruction No. 17 is erroneous because it required the plaintiff to prove that the bull was on the highway without the permission and without the fault of the defendant. Defendant's instruction No. 19 contains every vice above pointed out. We are also of the opinion that although the plaintiff in her said additional counts avers that the bull in question was on the public highway with the permission of the defendants, nevertheless, such an averment may be treated as surplusage, there being enough left in the declaration when such averment is stricken out to state a cause of action.

The trial court properly gave a peremptory instruction in the favor of the defendant Martin finding him not guilty. The bailee and not the bailor is liable for the injury done by stock in his custody. *Weide v. Thiel*, 9 Ill. App. 223.

Because of the erroneous instructions herein pointed out, this case must be reversed and remanded as to the defendant Crawford, but it is affirmed as to the defendant Martin.

*Affirmed in part and reversed and remanded in part.*