[No. 21905. Department One. December 16, 1929.]

JAMES A. McHUGH, *Appellant*, v. F. E. MASON, *Respondent*.[1]

*Jno. Mills Day*, for appellant.

*Roberts, Skeel & Holman* and *Frank Hunter*, for respondent.

BEALS, J.—Plaintiff sues for damages resulting from personal injuries received by him in a collision between .an automobile in which he was riding and one owned and operated by defendant. The case was tried to a jury, and, at the close of all the evidence, the court sustained defendant's challenge to the sufficiency of

[1]Reported in 283 Pac. 184.

the same to support any verdict or judgment in plaintiff's favor, and, holding that plaintiff was guilty of contributory negligence, withdrew the case from the consideration of the jury and dismissed the action. From the judgment of dismissal, plaintiff appeals.

The facts giving rise to this litigation are as follows: During the evening of December 26, 1927, appellant, at the northeast corner of the intersection of Auburn avenue and Main street east in the city of Auburn, entered a Ford coupe owned by his son Michael, which on that occasion was being driven by his son Thomas, with the intention of proceeding west on Main street, that being an east and west street. Auburn avenue runs into Main street at an angle of a few degrees east of north, the easterly margin of Auburn avenue breaking to a direct north and south line at a point a little over sixty feet north of the north curb on Main street, thus causing the paved portion of Auburn avenue to flare out from its normal width of a trifle over thirty-six feet to approximately fifty-nine and a half feet at the Main street curb line.

The Ford, proceeding west along Main street, was run into on its right side by respondent's Studebaker sedan somewhere in the northwest portion of the street intersection.

The trial court was of the opinion that the evidence clearly showed that respondent, in the operation of his car just prior to the accident, was guilty of negligence, but was also of the opinion that, from the evidence, the court was required to hold as matter of law that the driver of the car in which appellant was riding was guilty of contributory negligence which, under the circumstances, must be imputed to appellant, and that appellant was thereby barred from the recovery of judgment against respondent.

The court ruled that, under paragraph (14), § 41,

chap. 309, Laws of 1927, p. 802; Rem. 1927 Sup., § 6362-41, regulating the operation of motor vehicles, the driver of the car in which appellant was riding was guilty of contributory negligence in not having looked out for, and given the right of way to, respondent's car which was approaching on the right.

The section above referred to reads as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, This paragraph shall not apply to drivers on arterial highways."

The car in which appellant was riding had only just started, and was not going at to exceed fourteen miles an hour at the time of the collision, while respondent's car was proceeding at a much faster rate. Appellant and his son, who was acting as his chauffeur, testified that, as they passed the easterly boundary line of Auburn avenue, they looked to their right up that street, but saw no approaching traffic, and that they then proceeded to cross the street intersection. They also stated that they did not see respondent's automobile until the instant of the collision.

Such a right of way as is conferred by the statute above quoted is not an absolute right, but is a relative right only. *Breithaupt v. Martin*, 153 Wash. 192, 279 Pac. 568. There must be some reasonable limitations on the right of way enjoyed by the machine approaching from the right. *Saad v. Langworthy*, 153 Wash. 598, 280 Pac. 74.

The driver of the automobile in which appellant was riding had the right to assume that the driver of any car approaching from the right would not travel at a speed in excess of that allowed by law, unless, of

course, he had actual notice that a machine was approaching from the right at an excessive rate of speed.

Examination of the record convinces us that whether or not under all the circumstances disclosed by the evidence the driver of appellant's car was guilty of contributory negligence, was a question of fact for the jury and should not have been determined by the court as matter of law.

The judgment appealed from is reversed with directions to grant appellant's motion for a new trial.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.