[No. 24168. Department One. May 12, 1933.]

CHARLES W. EGGERT, *Respondent,* v. HERMAN O. SCHUMACHER, *Appellant.*[1]

[1]Reported in 22 P. (2d) 52.

*Harry M. Morey,* for appellant.

*Robt. F. Waldron* and *L. Vincent Donahue,* for respondent.

HOLCOMB, J.—This appeal results from an order granting a new trial in a case growing out of an automobile collision, tried to the court and a jury. At the conclusion of the testimony for respondent, appellant challenged the sufficiency of the evidence and moved for a nonsuit; which challenge and motion were granted. Later, upon motion for a new trial, the trial court reversed its decision and granted the new trial.

In granting the new trial, the trial judge summed up the evidence, in brief, as follows:

"The testimony in this case is that Schumacher slid into this intersection with his brakes locked at something like twenty, twenty-two, or twenty-five miles per hour. That naturally implies that preceding the time he applied his brakes he was proceeding at a speed in excess of that on a slippery pavement. Except for the fact that the pavement was icy and slippery the application of his brakes probably would have stopped his car in sufficient time to have avoided collision with plaintiff's car and he would have gotten out of the way. The evidence shows that Schumacher's car slid for some distance with its brakes locked, at the speed indicated, and collided with the side of the other car and pushed it some distance up on the curb, not overturning it.

"As I say, analyzing the testimony from this point, and taking into consideration the time immediately preceding the application of the brakes on the defendant's car, while the speed of the car might have been within the legal limit at the point of operation, yet it was too great, considering the surface of the highway, the surface of the street and the slippery condition to

safely make an emergency stop within the intersection.''

Examination of the statement of facts discloses that the above summary by the trial judge was very accurate.

Whether respondent was guilty of contributory negligence, as a matter of law, depends upon something like the same circumstances and conditions referred to in the foregoing summary by the trial judge as to the icy and slippery condition of the street intersection and the condition of traffic at that time.

The testimony for respondent was that he was returning to work from lunch at about one p. m. on November 26, 1931, driving north on Wall street, in Spokane. He approached the intersection of Second avenue and Wall street, and, on account of the pavement being icy and slippery and the traffic usually being heavy at that hour of the day, he brought his car to a stop, looked in both directions, that is, both east and west, and saw no car approaching. He then shifted into gear and started slowly across the intersection. When he got about half way, or a little more, he suddenly heard brakes screech, and, as he glanced to the side, he saw the car of appellant coming straight for him. In the next instant, appellant had struck the car of respondent broadside, shoving respondent's car sideways to the northwest corner, almost to the curb.

When respondent looked toward the east, from which direction appellant was driving, he could see no car approaching the intersection from that direction within two hundred feet. After stopping at the intersection, respondent started up at about six miles per hour, and gained possibly to ten or twelve miles per hour, when he was struck. He had gone about eight feet over the center line of the intersection.

■ Clearly, as to both the negligence of appellant and the contributory negligence of respondent, this case falls within the rules of our decisions in *McHugh v. Mason,* 154 Wash. 572, 283 Pac. 184, *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, and *Martin v. Westinghouse Elec. & Mfg. Co.,* 162 Wash. 150, 297 Pac. 1098.

Appellant argues that the *McHugh* case, *supra,* was departed from in *Martin v. Hadenfeldt, supra.* That is incorrect. The case of *Martin v. Hadenfeldt, supra,* modified no rule of any decision by this court, except that of *Garrett v. Byerly,* 155 Wash. 351, 284 Pac. 343, 68 A. L. R. 254. It was also there stated:

"The rule we have attempted to lay down is, we think, in harmony with all of our cases on the subject except the *Garrett* case, *supra,* and, so far as that case conflicts, it is now expressly overruled."

In *Thompson v. Fiorito,* 167 Wash. 495, 9 P. (2d) 789, 12 P. (2d) 1119, we again held that it was for the jury to determine whether the driver of an automobile at a street intersection was guilty of contributory negligence in not giving way to a truck approaching on the right where he saw the truck 150 to 175 feet from the intersection when he was twenty feet therefrom and would have crossed in time unless the truck was traveling four times as fast as he was. It will be observed in the instant case that respondent testified that he saw no car approaching from the favored direction for two hundred feet when he started to cross the intersection.

Appellant also urges that the fact that an automobile skidded on a slippery pavement is not evidence of negligence on the part of its driver; citing *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251. We also observed in that case, however, that it is a fact to be taken into consideration by

the jury along with all other facts in the case, in determining whether there was negligence in the operation of the automobile. That is a feature fitting this case, as well to appellant as to respondent. *Cartwright v. Boyce,* 167 Wash. 175, 8 P. (2d) 968, cited also to support the same point, where gross negligence was necessary as between the driver and a guest, is inapt. It is the duty of both drivers to use ordinary care under all circumstances then and there existing.

Under the facts and circumstances in this case, the trial judge was wrong in taking it from the jury and was right in granting a new trial. It is a typical case for the jury on both questions.

Affirmed.

BEALS, C. J., MITCHELL, and MILLARD, JJ., concur.

