[No. 25649. Department Two. September 5, 1935.]

RALPH SWANSON *et al., Respondents,* v. FRANK SEWALL *et al., Appellants.*[1]

*Edge & Wilson,* for appellants.
*Joseph J. Lavin,* for respondents.

BLAKE, J.—This is an action for damages on account of personal injuries sustained by both the plaintiffs in an automobile collision. They were passengers in a car owned and driven by Lloyd Lipscomb, when it collided with a taxicab owned by defendant Diamond Cab Company and driven by defendant Frank Sewall. The defendants answered, setting up by way of affirmative defense contributory negligence and imputed negligence—alleging that, at the time of the collision, plain-

[1]Reported in 48 P. (2d) 939.

tiffs and Lipscomb were engaged in a joint venture.

The court submitted to the jury the issue of joint venture, charging them that, if they found plaintiffs and Lipscomb were joint adventurers, contributory negligence of the latter would be imputed to the former and bar recovery. The court also submitted the following interrogatory to the jury:

"Do you find from the evidence that there was a joint adventure between the plaintiffs and the Lipscombs?"

The jury answered the interrogatory in the affirmative, but returned a general verdict for plaintiffs in the sum of $379. Defendants moved for judgment notwithstanding the verdict. Plaintiffs moved for a new trial, on the ground, among others, of inadequate damages appearing to have been given under the influence of passion and prejudice.

The court denied defendants' motion for judgment notwithstanding the verdict. It granted plaintiffs' motion for new trial, conditionally—

" . . . unless the defendants within ten days from the date of this order consent and agree in writing herein that a judgment against said defendants and in favor of the plaintiffs in said action in the sum of $1,500 and costs of this action, be entered in favor of said plaintiffs and against said defendants."

The condition not having been complied with, the order, by its terms, became final. Defendants appeal from both orders.

With respect to the denial of their motion for judgment notwithstanding the verdict, appellants contend that Lipscomb was guilty of contributory negligence as a matter of law, and that, therefore, since he and respondents were joint adventurers, the latter cannot recover. The argument in support of the position is predicated entirely upon the claim that Lipscomb,

being the disfavored driver, failed to yield the right of way to the taxicab.

█ In considering the facts in connection with this contention, it is to be remembered that the statute requiring a driver approaching an intersection to yield the right of way to a vehicle approaching from his right does not confer an absolute privilege on the favored vehicle. *Saad v. Langworthy*, 153 Wash. 598, 280 Pac. 74; *Stokoe v. Paulson*, 168 Wash. 1, 10 P. (2d) 247.

The collision occurred at the intersection of Washington street and Trent avenue, in Spokane. The streets intersect at right angles—Washington street extending north and south; Trent avenue, east and west. In the block east of Washington street, there is no sidewalk on the north side of Trent, the avenue being paved for vehicular traffic to the north property line. There is a sidewalk, however, on the north side of Trent avenue, west of Washington street.

The Lipscomb car was traveling north on Washington street, at a rate of from fifteen to eighteen miles an hour. The taxicab was approaching from the east on Trent avenue. When the Lipscomb car had reached a point in the intersection on the north curb line (extended) of Trent avenue, it was struck on the rear right side by the taxicab. In other words, the Lipscomb car was struck as it was passing out of Trent avenue. The point of impact was over the right rear wheel. A disinterested witness testified that, just before the impact, the taxicab was going at a rate of thirty-five miles an hour.

When Lipscomb came to the south side of Trent avenue, he looked to the east and saw the taxicab approaching. It was then in the middle of the block east of Washington. Without giving it further attention,

he proceeded on across Trent avenue and did not observe it again until an instant before the impact.

Under these facts, it is apparent that there would have been no collision had the taxicab been traveling at a lawful rate of speed. Had it been, the Lipscomb car would have passed out of the intersection before the taxicab entered. In the absence of facts warning him to the contrary, Lipscomb had a right to assume that the taxicab was traveling at a lawful rate of speed. *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533; *Saad v. Langworthy,* 153 Wash. 598, 280 Pac. 74.

So far as the record shows, there was nothing in the situation to charge Lipscomb with notice of the excessive speed of the taxicab. He was, therefore, not guilty of negligence, as a matter of law, in proceeding without giving it further attention after he had observed it when he entered the intersection. Under the circumstances, the question of his contributory negligence was one of fact for the jury. *McHugh v. Mason,* 154 Wash. 572, 283 Pac. 184; *Hamilton v. Lesley,* 174 Wash. 516, 25 P. (2d) 102. The applicable rule is tersely stated in *Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756:

"We have, time and again, said that one must, before undertaking to cross a street, look for approaching vehicles, but whether, after so doing and while making the crossing, he must again look or continue to look, depends on many circumstances and conditions; such as the amount of traffic; the probability of there being approaching vehicles; whether the statutes or ordinances give him the right of way; whether other objects or things have attracted his attention. Manifestly this is a question for the jury."

The court was fully warranted in granting respondents' motion for new trial on the ground of inadequacy of damages. As a result of her injuries, Mrs.

Swanson was confined to her bed for five weeks. She was employed as a telephone operator at twenty-three dollars a week. Counting her actual loss of wages and expenses for medical and hospital treatment, the respondents were out more than the amount of the verdict. In view of the injuries and the pecuniary loss, the verdict was grossly inadequate. What was said in *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827, is peculiarly pertinent here:

"It will be seen that the amount awarded by the verdict is almost the exact amount which the jury was instructed might be allowed as special damages, a little less in fact, and since the evidence as to special damages was in no way controverted, it is at once apparent that the jury allowed nothing for general damages.

"It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive."

The orders appealed from are affirmed.

HOLCOMB, STEINERT, and MITCHELL, JJ., concur.