Joseph Guffey, Appellee, v. Neil Gale, Appellant.

Gen. No. 10,171.

Opinion filed September 18, 1947. Rehearing denied October 7, 1947. Released for publication October 8, 1947.

RYAN & HOOD, of Rockford, for appellant.

B. JAY KNIGHT and C. SIDNEY VAN DUZER, both of Rockford, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On November 29, 1944, about 6:45 o'clock in the morning, wartime, the plaintiff, Joseph Guffey, an employee of the County of Winnebago, was riding in a truck belonging to the county. He was on his way from Rockford, to work as a laborer in the county's quarry located north of the Town of Durand. At that time, the truck was being driven on State Highway No. 70 past the farm of the defendant, Neil Gale, by Julius Lindroth who was also an employee of the county on his way to work in the quarry. Guffey was sitting in the front seat of the truck next to Lindroth. Seven other employees of the county were seated in the body of the truck on folding seats, running parallel to the sides of the truck. These men were facing each other and playing cards by the light of a dome light in the top of the body of the truck.

It was dark at the time. Snow was falling and the pavement of the highway was covered to a depth of about two inches. The headlights of the truck were burning. The truck was being driven in a northwesterly direction on the north side of the pavement. Near the barn of the defendant, Lindroth saw a pig, weighing about 250 pounds, running toward the north on the highway about 15 or 20 feet in front of the truck.

When Lindroth saw the pig, he applied the brakes and turned it toward the south. According to the testimony of Lindroth and Guffey, the front wheel of the truck struck the pig a glancing blow on its hip.

After passing the pig, Lindroth turned the truck back to the middle of the pavement. About 75 feet from where the pig appeared on the pavement, there was a large hog, weighing from 450 to 500 pounds, which was going from the south side of the highway toward the north. When seen by Lindroth and Guffey, the hog was near the middle of the concrete pavement. The testimony is that the hog appeared there on the highway a few seconds after the truck passed the pig. Lindroth turned the truck gradually to the north side of the pavement, and did not strike the hog. Lindroth kept the brakes applied hard during the time he operated the truck, to avoid striking the animals. The truck, after passing the hog, skidded along the middle of the pavement, its front wheels edging toward the shoulder of the highway. The truck turned around and then upset.

The truck was damaged to the extent of $168.45. The plaintiff, Guffey, sustained permanent injuries, one of his vertebra being fractured and another depressed.

The county and Guffey, joining as plaintiffs, filed their complaint against the defendant in the circuit court of Winnebago county, alleging that the defendant negligently permitted his hogs to run at large in violation of sec. 1, ch. 8 of the Revised Statutes 1945 [Jones Ill. Stats. Ann. 5.001]. Ownership of the hogs by the defendant was admitted in his answer.

The case was tried before a jury which returned a verdict of not guilty, as to the claim of the county. The jury returned a verdict finding the defendant guilty, as to the claim of Guffey and assessed his damages at $7,500. Motions by the defendant for judgment notwithstanding the verdict, and for a new trial

were overruled, and judgment was rendered in favor of Guffey for $7,500, and costs of suit, and that the county take nothing by its suit. The defendant has appealed.

The jury by its verdict, found that the negligence of the defendant permitting his hogs to run at large, was the proximate cause of the accident.

It is contended by the defendant that the trial court erred in not admitting two items of evidence, which the defendant urges should have been heard and considered by the jury, in support of his denial that he negligently permitted his hogs to run at large.

We are not disposed to consider this contention of the defendant at any great length. The defendant was charged with knowledge of the propensities of pigs and their habits. (*Weber v. Adler,* 311 Ill. 547.) Reasonable restraint of animals prohibited by the statute from running at large must be commensurate with the nature, propensities and habits of the animals. Evidence offered by the defendant that some of the pigs came in heat and unruly during the night before the accident, was properly excluded by the trial court and the defendant was not prejudiced thereby.

The defendant was the owner and keeper of the hogs, and the court did not err by excluding evidence, that the defendant was a tenant on the farm on which the hogs were confined.

The farm of the defendant is located about 10 miles from Rockford. As before stated, Guffey was seated on the front seat of the truck next to Lindroth, the driver of the truck. Guffey testified that he did not note the speed of the truck, and that he did not say anything to Lindroth about the way he drove. The defendant at the trial of the case conceded that if Lindroth was guilty of negligently driving the truck before, and at the time of the accident, his negligence could not be imputed to the plaintiff, Guffey. The defendant contested the case as to Guffey on the

theory that he was guilty of contributory negligence, by not complaining to Lindroth that he was driving the truck too fast before the accident.

The defendant contends that the trial court, by erroneous rulings on the admission of evidence, by oral instructions to the jury when ruling on the admissibility of evidence on the question of the contributory negligence of Guffey, and by sustaining objections to his argument to the jury on this question, "misled and confused the jury, so, that, in the minds of the jury, the plaintiff, Guffey, was given a 'clean slate' by the court in so far, as the issue of due care, or the lack of it, on the part of Joseph Guffey was concerned." That the force and effect of the trial procedure, as above complained of, substantially prejudiced the defendant and he did not receive a fair trial on the issue of due care on the part of Guffey.

The defendant urges that the court erred in excluding evidence which he considers was relevant to prove the speed of the truck before the time of the accident.

Lindroth, on behalf of the plaintiff, testified that he drove the truck between 30 and 35 miles per hour after leaving Rockford, and that he was driving at about 30 miles per hour, as he approached the farm of the defendant. The plaintiffs also proved that the truck had a governor on it, which prevented a speed in excess of 35 miles per hour, and that when the truck was going down hill the governor allowed a speed of 40 miles per hour. This was the only direct evidence on the speed of the truck at the time in question.

Maurice Boyer, a witness for the defendant, testified that on the morning of the accident, he saw the truck pass his place going west about three quarters of a mile east of the defendant's farm. When the attorney for the defendant asked the witness if he had occasion to observe the speed of the truck that morning, the attorney for Guffey objected to the question. The court sustained the objection because, "There is

no time or place limitation and it could not possibly be material.''

It was dark at the time of the accident. It does not appear in the record that the witness, Boyer, was able to testify as to the speed of the truck after it passed him, or what speed was maintained until it reached the barn of the defendant. The trial judge did not abuse his discretion in ruling that the time and place where and when the witness allegedly observed the speed of the truck was too remote, and therefore not material. (*Rzeszewski v. Barth,* 324 Ill. App. 345; *Whittaker v. Walker,* 223 Ala. 167, 135 So. 185; *Wellman v. Mead,* 93 Vt. 322, 107 Atl. 396.)

█ Rudolph Schmelzer, a witness for the defendant, testified that he drove his car on Highway No. 70 *past* the farm of the defendant about half an hour before the truck passed there; that he saw a pig crossing the highway near the farm of the defendant; that he drove around it; that he did not stop, but proceeded on his way to the quarry where he was employed as foreman. The court sustained an objection to the question at what rate of speed he was traveling when he drove over the highway and saw the pig. Defendant offered to prove, by this witness, that he drove his car on his trip from Rockford to the quarry at the rate of 15 miles per hour for the purpose, as counsel for the defendant stated, to prove weather conditions at the time in question. There is direct evidence in the record as to weather conditions before, and at the time of the accident. The manner in which Schmelzer drove at the time, was a collateral fact, not connected with the issues in the case, nor the standard of care required to be exercised by Lindroth or Guffey.

The defendant testified that the surface of the highway on the morning of the accident was slippery, with a slight coating of ice and snow on top of it. That after the accident he saw a truck had tipped over

about 600 feet west of his barn, or 170 steps west of the barn.

After this testimony of the defendant, the record shows as follows: Mr. Knight (attorney for Guffey): I object, on behalf of Mr. Guffey, to any distance that this truck may have travelled after the accident, as the evidence shows it was out of control, and because Mr. Guffey had nothing to do with driving of that truck. I don't know what these distances have to do with Mr. Guffey.

The Court: Objection sustained. The testimony can only be admissible against the other plaintiff.

Answer by the defendant: I examined truck tracks between the barn where truck tipped over, that morning; could see them plainly.

Mr. Knight: I move that this testimony be disregarded by the jury in behalf of Mr. Guffey.

The Court: The jury is so instructed.

Question by defendant's attorney: Describe those truck tracks to the jury.

Answer: They went practically straight down the road with all four wheels sliding.

Mr. Knight: I object generally to all this, as far as Mr. Guffey is concerned. It certainly isn't binding on Mr. Guffey.

The Court: The objection is well taken on that point, and the jury is instructed to disregard any of this evidence in regard to the distance, or where the truck went, in so far, as it affects the plaintiff, Guffey.

Testimony on the distance the truck traveled after Lindroth applied the brakes of the truck, after seeing the pig on the highway near the barn of the defendant to the place where it turned over, was an evidentiary circumstance concerning the speed and control of the truck before Lindroth applied the brakes of the truck. (*Tischler v. Steinholtz,* 99 N. J. L. 149, 122 Atl. 880; *Vedder v. Bireley,* 92 Cal. App. 52, 267 Pac. 724; *Briley v. Nussbaum,* 122 Kan. 438, 252 Pac. 223;

*Eggert v. Schumacher,* 173 Wash. 119, 22 P. (2d) 52; *Young v. Patrick,* 323 Ill. 200. Vide, *Lake Erie & W. R. Co. v. Klinkrath,* 227 Ill. 439, 442.)

During the argument of the defendant's counsel to the jury the record shows as follows:

Mr. Hood: We are going over the facts. The truck went west, A. J. Meyer testified 400 feet; Mr. Gale testified he stepped it off and it was 600 feet—

Mr. Knight: I object to this type of argument—as to the truck out of control, in so far, as the testimony would bear on the liability of Mr. Guffey.

Mr. Hood: That has been explained by the court and I would like to continue. I am stating the facts to the jury.

The Court: Just a minute. The court feels that the jury should be admonished that they should disregard any argument in so far, as the plaintiff, Guffey, is concerned, concerning the negligence of the driver of the truck.

Mr. Hood: Unless this jury finds from the evidence —and what does the evidence show:— here was a truck going down the highway on a dark, cold, snowy morning, fresh snow on the highway, a light in the back of the truck, going a good rate of speed and Guffey sitting beside the driver—not the regular driver—if the jury find, under the circumstances, Guffey could have and should have, in the exercise of ordinary care for his own safety, in view of that kind of morning, and under the kind of circumstances, spoke and cautioned the driver of the truck and said— "Julius, drive more slowly." Guffey didn't do that.

Mr. Knight: I object.

The Court: Objection sustained and counsel is again admonished by the court to be fair in his argument, and explain to the jury the reference to which he is making.

Mr. Hood: I am talking about the use of ordinary care on the part of the plaintiff, Joseph Guffey, and

I submit that Joseph Guffey must stand on his own feet on that question of reasonable and ordinary care —sitting in the front seat beside the driver, who was not the regular driver—

Mr. Knight: I object to that; he had no control over who the driver was.

The Court: Objection sustained.

Mr. Hood: I have not finished my statement.

The Court: You have said enough.

It is true that the court instructed the jury that the plaintiff, Guffey, was required to prove by a preponderance of the evidence that before, and at the time of the accident, he was in the exercise of ordinary care for his own personal safety, and that if he failed to exercise such care, which contributed to the cause of the accident, he could not recover. And, also, that the trial judge stated to the jury that his rulings on objections on the admissibility of evidence were not to be understood by the jury as indicating his opinion, as to the weight of the evidence on any question in the case. Nevertheless, from an examination of the record in this case, so far as the same has been properly called to our attention by the written argument of the defendant, we are of the opinion that the trial procedure, pursued by the learned trial judge, due to his error in excluding the testimony of the defendant on the distance the truck skidded or slid before it upset, was prejudicial to the defendant, requiring a new trial.

The question of the contributory negligence of the plaintiff, Guffey, was not fairly left to the determination of the jury under the rulings and instructions of the court on the admissibility of evidence and on objections to the argument of defendant's counsel to the jury.

The judgment of the circuit court is *res adjudicata* as to the claim of the county. (*Carpenter v. Young,* 280 Ill. App. 116.) It has herein been indi-

cated what rules the trial court should follow on the question of the relevancy of evidence on the issues of the case.

The judgment of the circuit court of Winnebago county is reversed and the case remanded to that court with direction to grant the defendant's motion for a new trial.

*Reversed and remanded with directions.*