**Paul F. BEITER, Plaintiff-Appellant,**

v.

**Charles ERB and Louis Frankel, Defendants-Appellees.**

**No. 12294.**

United States Court of Appeals
Seventh Circuit.

Oct. 17, 1958.

Rehearing Denied Nov. 17, 1958.

Cleland P. Fisher, Janesville, Wis., Thomas U. Flanner, Chicago, Ill., for appellant.

Mark H. Ellis, Chicago, Ill., for appellees.

Before MAJOR, FINNEGAN and HASTINGS, Circuit Judges.

MAJOR, Circuit Judge.

Paul F. Beiter, a resident of the State of Wisconsin, instituted this action against Charles Erb and Louis Frankel, residents of the State of Illinois, for the recovery of damages to person and property sustained as a result of their alleged negligence. Jurisdiction rests upon diversity of citizenship, with the requisite jurisdictional amount.

The complaint, so far as here material, alleges:

"That on the 19th day of August, 1954, the Defendants were the owners of cattle which were maintained and kept on a farm owned by the Defendant Louis Frankel, abutting Highway 20 in McHenry County, Illinois.

"That on said day at about 1:00 o'clock in the morning, the Plaintiff,

in the exercise of due care for the safety of his own person and property and for that of others, was driving his automobile in a westerly direction on said highway, and the Defendants had allowed a cow to be at large on the highway in violation of the Statute hereinafter set forth. That as the proximate consequence of the negligence of the Defendants in violation of said Statute in allowing said cow to be at large and upon the highway, the said cow and the automobile operated by the Plaintiff collided and Plaintiff was thrown down and injured * *."

(Then follows a description of the injuries sustained by plaintiff and of the damages to the automobile which he was driving.)

The statute referred to in the complaint is Chapter 8, Sec. I, Ill.Rev.Stats. 1957, and is entitled, "Domestic Animals Running at Large." It provides:

"Hereafter, it shall be unlawful for any animal of the species of horse, ass, mule, cattle, sheep, goat, swine or geese, to run at large in the State of Illinois: Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large."

Defendants' answer contained a general denial of the allegations of the complaint, an allegation of contributory negligence on the part of plaintiff and an affirmative defense of no negligence on their part.

A trial was had by jury which returned a verdict in favor of defendants. From the judgment entered thereon plaintiff appeals.

Plaintiff in his brief under the heading, "Contested Issues," enumerates a number of propositions which are not contested issues but mere statements of fact or principles of law about which there can be little, if any, disagreement. In the argument portion of his brief, however, he has simplified and apparently isolated the sole issue relied upon in this Court. Plaintiff, after referring to the unfavorable jury verdict, states:

"The Appellant then made a motion for a new trial based on the contention that contributory negligence, short of contributory negligence as a matter of law, is not a defense to an action brought under Chapter 8, Section I of the Illinois Statutes and that the Jury should have been so instructed as requested by the Appellant."

Plaintiff further states:

"The contention on which this appeal is based then is this: That in a case brought under Chapter 8, Section I of the Illinois Statutes, contributory negligence short of contributory negligence as a matter of law is not a defense which can be availed of.

"During the course of the trial Appellant made admissions from which the Jury could have drawn and Appellant thinks, very probably did, draw a conclusion that his accident was due primarily to contributory negligence on his part."

Thus, plaintiff in effect concedes that the jury might well have found that the accident was the result of contributory negligence on his part. However, in an extended argument he cites and discusses many cases in an attempt to demonstrate that mere contributory negligence is not a defense to an action for negligence based upon a statutory violation. We need not cite or discuss such cases because we are convinced there is no case in Illinois which sustains plaintiff's contention. Plaintiff apparently overlooks the fact that this is not a criminal action or an action to recover a penalty for a statutory violation. It is simply an action for personal injuries and property damage allegedly resulting from defendants' negligence consisting of a statutory violation. It is the universal

rule in Illinois, so we think, that in an action for damages to person or property resulting from a defendant's negligence that plaintiff must allege and prove that he was in the exercise of due care and caution for his own safety or, conversely stated, that he was free from contributory negligence. Illinois Central Railroad Co. v. Oswald, 338 Ill. 270, 274, 170 N.E. 247; Dee v. City of Peru, 343 Ill. 36, 41, 174 N.E. 901.

More important is the fact that the Appellate Courts of Illinois in not fewer than five cases have either held or recognized that contributory negligence is a defense to an action for negligence predicated upon the statute relied upon in the instant case. Such an action was before the Court in Fugett v. Murray, 311 Ill.App. 323, 35 N.E.2d 946. In response to defendant's contention that plaintiff had failed to prove that she was in the exercise of due care and caution for her own safety, the Court stated (at page 333 of 311 Ill.App., at page 951 of 35 N.E.2d):

> "The general rule is that negligence and contributory negligence are questions of fact for the jury, and so long as the question remains whether either party has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as a question of fact to the jury."

In Guay v. Neel, 340 Ill.App. 111, at page 119, 91 N.E.2d 151, at page 154, the Court, in response to a similar contention by the defendant, stated:

> "There was evidence that plaintiff's husband was driving with due care and with the lights on and that the horses suddenly ran upon the road. The court had a right to find that the impact in which Frosty was killed was not proximately caused by the negligence of the driver of the car."

To the same effect in similar actions see Guffey v. Gale, 332 Ill.App. 207, 216, 74 N.E.2d 730; Farrell v. Crawford, 222 Ill. App. 499, 502; Donaghue v. Fraikin, 200 Ill.App. 339, 341.

Thus, the Illinois cases clearly require a rejection of plaintiff's theory that contributory negligence on his part was no defense in the instant action. Plaintiff, in what is designated as a supplemental brief, contends that the Court erred in its refusal to give certain instructions offered by him. We have considered the argument relative thereto and think it is without merit. Particularly is this so when we take into consideration plaintiff's tacit concession that there was evidence from which the jury might well have found that the accident was proximately caused by his contributory negligence. Moreover, we have read the Court's charge to the jury and are of the view that it was fair and adequate.

The judgment appealed from is

Affirmed.