[No. 34867. Department Two. May 21, 1959.]

JACK LIPSHAY et al., *Appellants*, v. ANNABELLE E. BARR, *Respondent.*[1]

*Zundel, Merges, Brain & Isaac,* for appellants.

*Ferguson & Burdell,* for respondent.

ROSELLINI, J.—This is a personal injury action, in which the jury was instructed to return a verdict for the plaintiff. The jury awarded damages in the amount of two thousand dollars, whereupon the plaintiffs moved for a new trial on the issue of damages only, contending that the amount of the verdict was so inadequate that it could only have been the result of passion and prejudice. Error is assigned to the denial of this motion.

Granting or denying a new trial on the ground of inadequacy of damages is peculiarly within the discretion

[1] Reported in 339 P. (2d) 471.

of the trial judge, and the supreme court will not disturb his ruling in the absence of a manifest abuse of discretion. *Hopper v. Gallant*, 46 Wn. (2d) 552, 282 P. (2d) 1049.

The plaintiffs' evidence tended to show that the plaintiff wife had suffered a whiplash injury when the automobile in which she was riding was stopped at an intersection and was struck from the rear by the automobile driven by the defendant. The defendant's automobile was traveling at such a low rate of speed that the plaintiffs' automobile was undamaged, and the impact caused it to move about four inches only.

The plaintiffs' evidence of special damages totaled $2,007.26. It is urged that since this amount was greater than the verdict, the jury necessarily made no award for pain and suffering, and its verdict must have been the result of passion and prejudice, and that the trial court therefore abused its discretion in denying the motion for a new trial.

Had the evidence of special damages been uncontroverted, the argument of the plaintiffs would be highly persuasive. See *Swanson v. Sewall*, 183 Wash. 462, 48 P. (2d) 939, a case wherein the plaintiff wife, as a result of the defendants' negligence, had suffered injuries which caused her to be confined to her bed for five weeks, during which time she incurred certain medical expenses which, added to the amount of her lost wages, exceeded the amount of the verdict. Quoting from *Daigle v. Rudebeck*, 154 Wash. 536, 282 Pac. 827, this court said:

" 'It will be seen that the amount awarded by the verdict is almost the exact amount which the jury was instructed might be allowed as special damages, a little less in fact, and since the evidence as to special damages was in no way controverted, it is at once apparent that the jury allowed nothing for general damages. . . .

" 'It is the duty of the trial court to see that substantial justice is done, and if he believes that the amount of damages awarded to the prevailing party is inadequate, it is as much his duty to grant a new trial as it would be upon the motion of the defendant, if the amount were excessive.' "

In *Swanson v. Sewall, supra,* and in *Daigle v. Rudebeck,* cited therein, the action of the trial court in directing a new trial was affirmed.

As stated by the court, the evidence of special damages in those cases was uncontroverted. In this case, there was evidence from which the jury could reasonably infer that the plaintiff wife's injury was not as serious as she contended, and that a large portion of her medical expenses and her extended absence from work were unnecessary. Presumably the jury did so find, and viewed in this light, the verdict reflects an award of general as well as special damages and is not unwarranted by the evidence. Consequently, the denial of the plaintiffs' motion for a new trial on the issue of damages was not an abuse of discretion.

The order is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.