[No. 14-40014-1.  Division One.  December 29, 1969.]
Panel 1

ELBERT L. SMITHLINE et al., Appellants, v. LAWRENCE CHASE, Respondent.

*Everall Carson,* for appellants.

*Read & Church* and *William Church,* for respondent.

JAMES, C. J.—On the morning of Memorial Day, 1964, Elbert Smithline of Brush Prairie was driving his fiancée's 1957 Ford in a northerly direction on St. Johns Road. With him was his bride-to-be, Helen Durose, and her 8-year-old son by a prior marriage. Their destination was the home of a friend. They contemplated a late breakfast after which wedding plans were to be discussed and invitations addressed. The wedding was scheduled for the following week.

As the car topped a rise in the road, Smithline saw a pheasant hen and a dozen of her brood crossing the road. He considerately yielded them the right-of-way by bringing his car to a stop on the road. For his solicitude he was promptly rear-ended. Lawrence Chase drove the offending car.

The Smithlines asked the jury to award them $68,130 to compensate them for special and general damages to their car and to themselves. The jury awarded them $185. The Smithlines appeal from the trial judge's denial of their motion for a new trial on the issue of damages.

The judge's instructions, to which the Smithlines took no exception, told the jury that its verdict, if in favor of plaintiffs, should award Mrs. Smithline compensation for her medical expenses in an amount not to exceed $35, which represented her doctor bills. The jury was also instructed to compensate Mrs. Smithline for the reduction in the value of her car. Mrs. Smithline testified that the value of the car had been diminished in the amount of $150 as a result of the accident. The jury was also instructed to award an amount for personal injuries, pain and suffering, and loss of earnings as would fairly compensate the plaintiffs.

■ Granting a new trial on the ground of inadequacy of damages is within the discretion of the trial judge, and his ruling will not be disturbed on appeal unless it is shown that he manifestly abused his discretion. *Lipshay v. Barr*, 54 Wn.2d 257, 339 P.2d 471 (1959); *Mullin v. Builders Dev. & Fin. Serv., Inc.*, 62 Wn.2d 202, 381 P.2d 970 (1963).

The Smithlines testified that they both sustained back injuries and that Mrs. Smithline's disability prevented her from resuming her employment as a bar maid. Her doctor testified that if her subjective symptoms were real, she had probably sustained permanent injury to some nerve root in the cervical vertebrae.

Chase's defense established that the accident did not frustrate the wedding plans and that the Smithlines made a honeymoon journey by automobile to Victoria, British Columbia, 7 days after the collision. Chase's medical expert

attributed Mrs. Smithline's symptoms of discomfort to nerve root irritation due to an old degenerative disc disease. The doctor said that he could discern no disability which would prevent her from returning to her job. The Smithlines each brought three children into the marriage, and the jury could have believed that Mrs. Smithline felt that her role as a homemaker would contribute more to the new family's welfare than would her earnings as a bar maid.

The Smithlines contend that the verdict was so inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice. See RCW 4.76.020(5).

The trial judge was not so persuaded, nor are we. From the evidence, the jury might well have found that although Mrs. Smithline acted reasonably in seeking a medical checkup and incurring her modest medical bill, she nevertheless sustained no compensable physical injury. Likewise, the jury, having found that Chase's negligence was the proximate cause of the collision, might properly have made an award for damages to the Smithlines' automobile.

We find no manifest abuse of discretion by the trial judge.

Affirmed.

FARRIS and SWANSON, JJ., concur.