[No. 819-3. Division Three. April 26, 1974.]

ROBERT J. BLISS *et al., Respondents,* v. FRANK COLEMAN *et al., Appellants.*

*Robert A. Southwell* (of *Malott & Southwell*), for appellants.

*Norman D. Brock* (of *Underwood, Campbell, Zellmer & Brock*), for respondents.

McINTURFF, J.—Defendants appeal from an order of the trial court granting plaintiffs' motion for a new trial solely upon the issue of damages after the jury had returned a verdict for plaintiffs in the amount of the alleged special damages.

This action is based upon an automobile collision which occurred in Davenport, Washington. During the accident, plaintiff Robert Bliss, riding in the rear seat of the automobile driven by his wife Myrtle, was thrown against the back of the front seat, receiving a slight cut on his lip and a skinned knee. Bliss' right leg was caught under the front seat but upon examination immediately after the accident the examining physician found no injury. The plaintiffs noticed a slight pinkness in Bliss' toes the day following the accident, and in a few days the toes started to turn purple. Plaintiffs concluded that amputation of the leg was unavoidable and therefore medical attention was not sought. Two weeks later Mr. Bliss returned to his physician. At this time his right calf was extremely swollen and his toes had gangrene areas. The physician requested that Bliss be hospitalized but Bliss stated he would go to the Veterans Hospital in Spokane. Bliss did not go to the Veterans Hospital for more than a week after this examination. His right leg was subsequently amputated below the knee. It is noted that Bliss had a diabetic condition for many years, necessitating the amputation of his left leg prior to the accident.

Plaintiff Myrtle Bliss complained of neck and back aches, and 8 days after the accident she had X rays of her neck and back.

The trial court directed a verdict as to defendants' liability and submitted only the issues of proximate cause and damages to the jury. The jury returned a verdict for plaintiffs in the amount of $519.92, the amount of plaintiffs' special damages. Plaintiffs' motion for a new trial was granted solely on the adequacy of damages. Defendants

requested the court to utilize an additur but, pursuant to RCW 4.76.030, the trial court refused to do so. From the order granting a new trial on the issue of damages, defendants appeal.

Defendants contend the trial court erred in granting plaintiffs' motion for new trial, and that the jury verdict was supported by substantial evidence.

DEFENDANTS' ARGUMENTS ARE:

(1) Inherent in the jury verdict is a finding that the loss of plaintiff Robert Bliss's leg was not proximately caused by the accident;

(2) There exists substantial evidence from which the jury could have concluded that plaintiffs did not receive any compensable pain and suffering; and

(3) Under the facts of the instant action a jury verdict for the exact amount of special damages is not inadequate as a matter of law.

It is within the discretion of the trial court to grant a new trial on the ground of inadequacy of damages, and, unless a manifest abuse of discretion is shown, the trial court's ruling will not be disturbed on appeal. *Smithline v. Chase*, 1 Wn. App. 589, 463 P.2d 177 (1969); *Lipshay v. Barr*, 54 Wn.2d 257, 339 P.2d 471 (1959). Where the record contains substantial evidence to support the jury verdict, the granting of a new trial constitutes a manifest abuse of discretion. *McUne v. Fuqua*, 45 Wn.2d 650, 277 P.2d 324 (1954). The jury verdict for the exact amount of special damages is not inadequate as a matter of law. *Smithline v. Chase, supra.* Further, where a party is entitled to only nominal damages, the failure to award such damages does not constitute grounds for a new trial. *McUne v. Fuqua, supra.*

A review of the record shows the existence of substantial evidence from which the jury could have properly awarded only the amount of special damages. From the jury verdict it is clear that they found plaintiff's loss of limb was not proximately caused by the accident in question. Testimony of the examining physician that there was no sign of injury to plaintiff's leg after the accident, and the testimony con-

cerning plaintiff's neglect in seeking timely medical attention, constitute substantial evidence to support such a finding. The record further contains substantial evidence to support a jury finding that any other alleged pain and suffering was inconsequential and noncompensable, or, at best, nominal. As noted, failure to award nominal damages is not grounds for a new trial.

 In relation to Myrtle Bliss, her medical expenses were not connected to the accident by any medical testimony, nor did she seek medical attention until 8 days following the accident. Thus the jury would have been justified from the evidence in finding that the expenses incurred by Mrs. Bliss were unrelated or unnecessary. The jury is not bound by the testimony of the plaintiffs that these charges are related to the accident. *Lipshay v. Barr, supra.*

We find the jury verdict supported by substantial evidence in the record. The judgment of the trial court granting plaintiffs a new trial solely upon the issue of damages is reversed.

GREEN, C.J., and MUNSON, J., concur.